434 A.2d 1220

**COMMONWEALTH of Pennsylvania**

v.

**Cornell GALLOWAY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 29, 1981.

Decided Sept. 24, 1981.

Penn B. Glazier, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

WILKINSON, Justice.

On March 29, 1977, a Lancaster County jury found appellant guilty of one count of murder of the first degree and of another count of murder of the first degree, as a principal in the second degree. Appellant's case was consolidated for trial with that of codefendants Dale Troop and Ronald Brown. The charges in this case arose out of a double slaying which occurred on August 2, 1969 when individuals armed with various firearms drove through the southeast section of Lancaster and fired shots into two occupied automobiles.[1] The trial court entered an opinion and order denying post-trial motions on April 12, 1979. On May 1, 1979, appellant was sentenced to two consecutive terms of life imprisonment. This direct appeal followed. We affirm the judgments of sentence.

We will first address appellant's contention that the trial court erred in refusing to grant his various requests for a change of venue because of allegedly prejudicial publicity concerning this case. This Court has recently reviewed the law dealing with pre-trial publicity in a change of venue setting in *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978) making it unnecessary to repeat it here. We have reviewed the record here and find that it supports the trial

1. The trial judge acknowledged that there was evidence that the killings were inspired by racial tension that existed in the City of Lancaster at that time. The victims in this case, Daniel Gebhard and Barry Kimmet, were both white. Appellant and his two codefendants are black.

court's refusal to grant the change of venue. Of course, each case must turn on its own facts. In our opinion the facts of this case fall well within the limits set forth in *Casper*. The approximate five and one-half months "cooling-off period" was sufficient to dissipate the prejudice, if any, engendered by the two somewhat sensational articles of October 7 and October 8, 1976. *Commonwealth v. Hoss*, 445 Pa. 98, 283 A.2d 58 (1971). The additional articles published on the first two days after voir dire were factual in nature. Although one of these articles referred to his criminal record, this article was not enough to establish that prejudicial material was widely disseminated at the time of trial. *Compare Commonwealth v. Cohen*, 489 Pa. 167, 413 A.2d 1066, *cert. denied*, 449 U.S. 840, 101 S.Ct. 118, 66 L.Ed.2d 47 (1980). The pre-trial publicity, even when considered with the statistical evidence of the public opinion poll conducted by appellant (a permissible means of demonstrating the dissemination of prejudicial material) is not sufficient on this record to disturb the trial court's exercise of discretion in denying the change of venue. As in *Commonwealth v. Rigler*, 488 Pa. 441, 412 A.2d 846 (1980), after an extensive voir dire comprising over 800 pages of record over three full days, conducted individually and outside the presence of the other veniremen, an impartial jury was chosen.

■ Appellant is not in a position to assert the impropriety of the denial of his points for charge since no specific objections were raised following the charge. Pa.R.Crim.P. Rule 1119(b); *Commonwealth v. Brown*, 490 Pa. 560, 417 A.2d 181 (1980).

■ It was not error for the trial court to refuse appellant's motion to dismiss the charges because of the approximately seven years' delay between the commission of the offense and the appellant's arrest. This is substantially the same delay as in *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978) where a similar argument was made by the appellant and rejected by this Court.

■ Appellant further contends that the trial court erroneously dismissed his application for severance of counts and

defendants. With regard to the consolidation of the two murder offenses for trial, we note that

[t]he denial of a motion for severance is not an abuse of discretion if the facts and elements of the two crimes are easily separable in the minds of the jurors and if the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other.

*Commonwealth v. Taylor*, 259 Pa.Super. 484, 492, 393 A.2d 929, 933 (1978). Here, the trial court did not abuse its discretion as the homicides were not so complex that they could not be easily separated in the minds of the jury. Furthermore, evidence of each offense is relevant and thus admissible at a separate trial of the other in that it tends to show a common scheme or plan. The homicides occurred within minutes of each other and within two blocks of each other. Also, appellant committed both offenses from a car containing the same people. Clearly, the test for consolidation of offenses has been met. *Commonwealth v. Rose*, 265 Pa.Super. 159, 401 A.2d 1148 (1979). We also find no reversible error in trying appellant and his two codefendants in one proceeding.

Appellant presented several other arguments with regard to refusing challenges for cause, allowing out-of-court statements by a codefendant, dismissing his challenge to the array of the jury, as well as others. All of these arguments are without sufficient merit to warrant discussion.

█ Finally, appellant avers that the evidence was insufficient to support the verdicts because portions of the testimony of the chief prosecution witness, Dorothy Easley, contradicted that of the other Commonwealth witnesses. Variances in testimony, however, go to the credibility of the witnesses and not the sufficiency of the evidence. *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745 (1976), *cert. denied*, 429 U.S. 1044, 97 S.Ct. 746, 50 L.Ed.2d 757 (1977). Moreover, it is the function of the factfinder to pass upon the credibility of witnesses and the weight to be accorded the evidence. *Commonwealth v. Smith*, 457 Pa. 638, 326

A.2d 60 (1974). "The mere existence of conflict in the prosecution's evidence is not fatal to its case because the Commonwealth is not bound by everything its witnesses say and the jury can believe all, part or none of the testimony." *Commonwealth v. Duncan*, 473 Pa. 62, 68, 373 A.2d 1051, 1053 (1977).

■ Appellant's reliance on *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973) here is misplaced. "The *Bennett* principle is applicable only where the party having the burden of proof presents testimony to support that burden which is either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reason." *Commonwealth v. Farquharson*, 467 Pa. 50, 60–61, 354 A.2d 545, 550 (1976). The contradictions here were simply not of this magnitude. We are satisfied that there was sufficient evidence to enable the jury to find appellant guilty of the instant crimes beyond a reasonable doubt.

Judgments of sentence affirmed.

O'BRIEN, C. J., did not participate in the consideration or decision of this case.

NIX, J., concurs in the result.