J-S73011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE DUNCAN MCCABE, | |
| Appellant | No. 1096 MDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000038-2013

BEFORE: BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

Jamie Duncan McCabe appeals from the judgment of sentence of two years and three months to four and one-half years incarceration imposed by the trial court after a jury found him guilty of possession with intent to deliver ("PWID") heroin. We affirm.

The trial court recounted the following facts.

> On December 12, 2012, Pottsville Bureau of Police executed a traffic stop of a blue Chevrolet being operated by Appellant, [Jamie] McCabe, since it was known that Appellant had a suspended operator's license. Corporal Dennis Wiederhold (Wiederhold) testified that the Appellant and a passenger, Laura Kech ("Kech"), were questioned about where they had been. Appellant stated that they had been to Schuylkill Haven to visit a relative. Kech initially indicated they were in Schuylkill Haven, but upon further questioning, stated that they were coming from Reading. Kech, the owner of the vehicle, denied that there was any contraband and consented to a search of the vehicle.
>
> Appellant and other occupants of the vehicle, James Culbert, Sammy Jo Rohrbach and Kech were asked to exit the

vehicle. A search of the vehicle turned up a black zippered bag in the center console which contained numerous packets of suspected heroin, cocaine and methamphetamine.

The occupants were then detained pending further investigation. The Appellant was searched by Wiederhold who found packets of heroin that fell out of Appellant's clothing.

In addition to the testimony of Wiederhold[,] who initiated the traffic stop and searched the Appellant, one of the occupants in the car, Kech, testified. Her testimony revealed that she allowed the Appellant to use her vehicle for the trip to Reading. Kech told the jury that Appellant exited the vehicle in the City of Reading to meet his "connect" and returned with the black zippered bag containing the drugs. Appellant then gave each of them some heroin and put the bag into the center console.

The heroin, cocaine and methamphetamine were received and tested by the Bethlehem Regional Crime Lab forensic scientist Lisa Shutkufski and tested positive for the respective controlled substances which had been labeled and were identified by the Commonwealth expert witness in forensic chemical analysis and identification of controlled substances. None of the people in the vehicle were licensed or registered under the Act to possess or deliver controlled substances. James Culbert testified on behalf of the Appellant that he went to Reading with him to get drugs to use and he was working with the police to get Appellant help. Lastly, in his defense, the Appellant testified that he went to Reading and bought twenty-five (25) bags of drugs because he is an addict.

Trial Court Opinion, 8/27/14, at 2-3 (internal citations omitted).

The jury found Appellant guilty of PWID heroin and possession of heroin, but could not reach a verdict as to the charge of PWID cocaine, and possession of cocaine and methamphetamine. The court imposed the aforementioned sentence. Appellant filed an untimely appeal, which this Court quashed. Thereafter, Appellant sought post-conviction relief and requested the reinstatement of his direct appeal rights *nunc pro tunc*. The

- 2 -

court reinstated Appellant's appeal rights, and this appeal followed. Appellant's sole issue on appeal is a challenge to the sufficiency of the evidence.

In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. **Id**. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. **Id**.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Id**. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id**.

Appellant's argument hinges on his view that because the jury deadlocked on the non-heroin related charges, and he testified that he only possessed the heroin for personal use, that there was insufficient evidence

that he intended to deliver the heroin. He also calls into question the testimony of Corporal Wiederhold. Specifically, Corporal Wiederhold initially testified that he stopped Appellant because he knew Appellant did not have a valid driver's license. He did not mention the fact that he was being supplied information by a CI, James Culbert. However, after the defense testimony of James Culbert, who set forth that he was the CI and provided information to Corporal Wiederhold regarding the transportation of the drugs, Corporal Wiederhold admitted that Culbert's testimony was accurate and that he received text messages from Culbert to help facilitate the stop.

The Commonwealth rejoins that Corporal Wiederhold testified as an expert that Appellant possessed the heroin with intent to distribute. It notes that Corporal Wiederhold based this conclusion on the fact that Appellant did not have drug paraphernalia on his person, the heroin was packaged for individual sale, and that there are cheaper methods of buying the amount of heroin in Appellant's possession if he intended it for personal use. The Commonwealth adds that Laura Kech testified that Appellant provided her with heroin and that James Culbert also indicated that Appellant would get drugs for him.

Since Appellant's argument would require this Court to reject the jury's credibility findings, and view his own testimony as conclusive of his intent, his argument is without merit. *See Commonwealth v. Galloway*, 434 A.2d 1220, 1222 (Pa. 1981) ("it is the function of the factfinder to pass upon

the credibility of witnesses."). Here, the evidence is not so weak and inconclusive that no probability of fact that Appellant intended to deliver heroin can be reached. The Commonwealth presented expert testimony that Appellant intended to deliver the heroin. Laura Kech testified that Appellant provided her with heroin. Corporal Wiederhold set forth that Appellant admitted to giving Ms. Kech heroin in exchange for allowing him to use her car to travel to Reading to purchase drugs. Similarly, James Culbert stated that Appellant would give him drugs in exchange for money. Viewing the evidence in a light most favorable to the Commonwealth, it is evident that sufficient evidence existed to find that Appellant possessed the heroin with intent to deliver.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2014