J. A27001/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WARREN JONES, : No. 1009 WDA 2013
:
Appellant :

Appeal from the Judgment of Sentence, January 16, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008379-2012

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 29, 2015**

Following a bench trial, appellant was convicted of one count each of burglary, theft by unlawful taking, receiving stolen property, and criminal mischief. Herein, he appeals from the judgment of sentence entered on January 16, 2013, in the Court of Common Pleas of Allegheny County.

The evidence at trial reveals the following. On April 21, 2012, Syad Abad, the owner of a convenience store located in McKeesport, discovered that his business had been burglarized. The burglary had been recorded on the store's surveillance camera. The tape was played during trial, and the video depicted appellant at three different angles. (Notes of testimony, 1/16/13 at 13-14.)

At trial, Abad identified appellant as the person who was on the surveillance tape footage. (*Id.* at 10.) Abad stated appellant had no

permission to enter or take items from the store. Abad testified that both glass and the lock on the side of the building had been broken in order to enter and the cost of repair was $2,300. (*Id.* at 8-10.) The value of the stolen items totaled approximately $7,500. (*Id.*) On cross-examination, Abad acknowledged that he originally had agreed with one of his female employees that a man named Carl Johnson was depicted on the video footage; it was later learned, however, that Johnson was incarcerated at the time of the instant burglary. (*Id.* at 11-12, 18.)

Detective Schelley Gould investigated the matter and testified that he had known appellant for over a decade, as they lived in the same community. (*Id.* at 17.) The officer identified appellant in the courtroom and also identified him as the person depicted on the videotape. Officer Gould reviewed the surveillance video numerous times, and "[a]fter watching several angles . . . it was clear to [him] that it was [appellant] that actually did the burglary." (*Id.* at 17-18.) At the time of the burglary, appellant lived a block and a half from the convenience store. (*Id.* at 18.) None of the items taken were ever recovered. (*Id.* at 20.) When asked if he had seen appellant walking, the detective stated he had seen appellant when appellant was at work, by the playground, in stores, and within the community. (*Id.* at 19.)

Appellant was charged with one count each of burglary, theft by unlawful taking, receiving stolen property, and criminal mischief. Following

a non-jury trial before the Honorable Joseph K. Williams, III, appellant was convicted of all charges. The court imposed a term of two to four years' imprisonment at the burglary count followed by ten years of probation; no further penalty was imposed for the remaining convictions. A timely post-sentence motion was filed challenging the weight and sufficiency of the evidence. By order dated May 20, 2013, the court denied these motions. This appeal followed; appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The following issues have been presented for our review:

> I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING DEFENSE COUNSEL'S MOTION IN LIMINE TO EXCLUDE POLICE OFFICER SCHELLEY GOULD'S OPINION THAT [APPELLANT] WAS THE PERSON PICTURED IN [THE] STORE SURVEILLANCE VIDEO WHERE THE VIDEO WAS PLAYED FOR THE COURT, THE OFFICER'S OPINION WAS NOT RATIONALLY BASED ON HIS PERCEPTION, AND HIS OPINION WAS NOT HELPFUL TO THE FACT-FINDER?
>
> II. WAS THE EVIDENCE PRESENTED AT TRIAL INSUFFICIENT TO ESTABLISH BEYOND A REASONABLE DOUBT, THAT [APPELLANT] WAS THE PERSON WHO COMMITTED THE BURGLARY?
>
> III. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [APPELLANT'S] POST SENTENCE MOTION THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE

> WHERE THE TRIAL COURT RELIED ON FACTS NOT IN EVIDENCE TO SUPPORT ITS GUILTY VERDICT AND RENDERED A DECISION SOLELY ON THE BASIS OF ONE WITNESS'S GENERAL AND UNSUPPORTED OPINION?
>
> IV. IS THE SENTENCE IMPOSED BY THE TRIAL COURT AT COUNT ONE ILLEGAL BECAUSE IT EXCEEDS THE STATUTORY MAXIMUM?

Appellant's brief at 7-8.

Appellant first argues that the trial court abused its discretion in permitting Officer Gould to testify to his belief that the person appearing in the surveillance video was appellant. Appellant contends the "admission of such lay person opinion testimony violated [Pa.R.E.] 701, considering the video was played for the Court, the Officer's opinion was not rationally based on his perception of the incident, and his opinion was not helpful to the fact-finder." (Appellant's brief at 17 (footnote omitted).) However, as the trial court and the Commonwealth aver, this issue is waived.

We have reviewed the record, and the objection posed by appellant regarding the officer's testimony was not offered on the basis of violating Pa.R.E. 701; rather, trial counsel objected to Officer Gould's testimony on the grounds of relevance and the best evidence rule. This court has long held that "to preserve for appellate review an objection relating to the opening or closing address of opposing counsel, that objection must be specific and be brought to the trial judge's attention as soon as is practical." *Commonwealth v. Baker*, 418 A.2d 693, 694 (Pa.Super. 1980). Here,

- 4 -

appellant did not lodge an objection for a violation of Rule 701 at trial and is raising this basis for objection for the first time on appeal. Thus, it is waived. Pa.R.A.P. 302(a).

Next, appellant avers that the evidence presented was insufficient to support the conviction of burglary. Rather than contesting the sufficiency of the evidence in regard to the specific elements of the crimes for which he was convicted, appellant argues that the evidence presented at trial was insufficient to establish his identity as the person who committed the crimes. Appellant contends that the officer's testimony identifying him on the surveillance video is insufficient in and of itself to sustain the convictions. Appellant essentially argues that as the officer was not an eyewitness to the crimes, his identification of appellant was insufficient.

This court's standard of review when considering a challenge to the sufficiency of the evidence requires us to look at the evidence in a light most favorable to the verdict winner and determine whether the evidence presented, actual and/or circumstantial, was sufficient to enable a fact-finder to find every element of the crime charged, beyond a reasonable doubt. *Commonwealth v. O'Brien*, 939 A.2d 912 (Pa.Super. 2007).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and the circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no

probability of fact may be drawn from the combined circumstances.

*Id.* at 913-914, quoting *Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super. 2001), *appeal denied*, 806 A.2d 858 (Pa. 2002) (citations and quotations omitted).  The finder-of-fact is free to believe all, some, or none of the evidence presented and is free to determine the credibility of the witnesses.  *Commonwealth v. Dailey*, 828 A.2d 356, 358-359 (Pa.Super. 2003).

In support of this position, appellant compares the identification made in his situation to that found insufficient in *Commonwealth v. Crews*, 260 A.2d 771 (Pa. 1970), where the defendant and a cohort had been convicted of robbing a cab driver.  In *Crews*, a witness' identification of the defendant was based on her general description of a tall, light-complexioned black male wearing a gold-colored sweater.  A gold sweater was found in the defendant's home, but the witness could not identify it as the same sweater.  Additional evidence placed the defendant and the co-defendant at a bar not far from the location of the crime, and other witnesses testified to the defendant's similar height and clothing.

In finding the identification testimony insufficient and granting the motion in arrest of judgment, the court held that where the Commonwealth's sole identification evidence is based on similar height, coloring, and clothing, the evidence is not enough to convict a defendant as the perpetrator of a crime.  The court explained that it forced the jury to

guess whether the defendant was the perpetrator, and "[o]ur system recoils at sending a man to prison for the rest of his life on a guess." *Crews*, 260 A.2d at 772.

We find *Crews* to be inapposite. Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the certified record reveals that the officer testified that the video surveillance depicted appellant in the store. Unlike *Crews*, Officer Gould had known appellant for approximately ten years. We find the evidence sufficient to support appellant's burglary conviction. Officer Gould testified that based on his perceptions, specifically, his familiarity with appellant in the neighborhood, he unequivocally identified appellant on the surveillance tape. The officer explained that he reviewed the videotape multiple times and that it depicted the individual on tape from several angles. The trial court, as fact-finder, also had the opportunity to view the footage and credited the officer's identification. It is the function of the trial judge sitting, without a jury, to determine issues of credibility. Based on the judge's findings, it is settled that a positive identification by one witness is sufficient for conviction. *See Commonwealth v. Wilder*, 393 A.2d 927, 928 (Pa.Super. 1978) (stating a positive identification by one witness, a police officer, is sufficient for conviction).

Appellant also argues that the officer failed to provide any basis for his identification such as "height, walk, clothing, mannerisms, build".

(Appellant's brief at 27.) Defense counsel, however, had an opportunity to question the officer on these points during cross-examination and did not. We likewise reject appellant's assertion that the verdict was infirm because no physical evidence linked him to the crimes; contrary to appellant's belief, the fact that no forensic evidence, such as fingerprints or blood, linked him to the scene was simply a fact for the fact-finder to consider in assessing credibility. *Commonwealth v. King*, 959 A.2d 405, 410-11 (Pa.Super. 2008) (rejecting defendant's "assertion that the verdict was infirm because no physical evidence linked him to the crimes" since two eyewitnesses' identification testimony, which the jury was permitted to accept, was sufficient to support his conviction).

We also find that most of appellant's challenges to Officer Gould's identification relate to the weight of the evidence, not to its sufficiency. *See Commonwealth v. Galloway*, 434 A.2d 1220, 1222 (Pa. 1981) (stating that variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence); *Commonwealth v. Halye*, 719 A.2d 763, 764 (Pa.Super. 1998) (*en banc*), *appeal denied*, 743 A.2d 916 (Pa. 1999), *cert. denied sub nom. Pennsylvania v. Halye*, 529 U.S. 1012 (2000) (mere conflict in the testimony does not render the evidence insufficient because it is within the province of the fact-finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence). Therefore, viewing the evidence in the light most favorable to the verdict

winner, we find that the Commonwealth presented sufficient evidence to identify appellant as the perpetrator of the burglary.

The third issue presented is whether the trial court abused its discretion in denying his post-sentence motion challenging the weight of the evidence.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis omitted) (citations omitted).

In support of his argument, appellant maintains that the trial court improperly justified the verdict based on facts not presented at trial and reiterates his sufficiency argument concerning Officer Gould's identification. (Appellant's brief at 29.) Appellant's argument fails to provide a basis for relief.

We disagree with this characterization of the court's comments upon reaching a verdict. We agree that Officer Gould did not testify that the "movement, rhythm or beat" of the individual in the video were similar to appellant. However, the court credited the officer's identification based on the officer's familiarity with appellant as he has known appellant for over a decade and has observed appellant in various circumstances. Clearly, the trial court found Officer Gould's testimony to be credible and convincing. It was within the exclusive province of the trial court as fact-finder to resolve conflicts in the testimony and to believe all, part, or none of the evidence. The trial court did not abuse its discretion in denying appellant's motion for a new trial based on the weight of the evidence.

The final issue challenges the legality of sentence. Appellant argues the trial court imposed an illegal sentence for his burglary conviction as it exceeded the maximum, for a second degree felony. The Commonwealth

and the trial court concede that appellant's argument is correct and we concur.

"The issue of whether a sentence is illegal is a question of law and our scope of review is plenary." *Commonwealth v. Crump*, 995 A.2d 280, 283 (Pa.Super. 2010). The Pennsylvania Supreme Court has stated than an illegal sentence is one that exceeds the statutory maximum. *See Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003). When a defendant receives a split sentence, the cumulative amount of incarceration and probation may not exceed the statutory maximum. *See* 42 Pa.C.S.A. § 9754.

Appellant was convicted of burglary under Section 3502(a)(4), which is a felony in the second degree. It is undisputed that the statutory maximum for a second degree felony is not more than ten years. 18 Pa.C.S.A. § 3502(c)(2)(i). Thus, the trial court's two to four-year sentence of incarceration to be followed by a ten-year probationary period exceeded the statutory maximum.

In instances where sentences require correction, we may either remand for resentencing or amend the sentence directly. *Commonwealth v. Klein*, 795 A.2d 424, 430 (Pa.Super. 2002) (citation omitted). *See also Commonwealth v. Eberts*, 422 A.2d 1154, 1156 (Pa.Super. 1980); *Commonwealth v. Dobbs*, 682 A.2d 388, 392 (Pa.Super. 1996) (while court has option of amending illegal sentence directly or remanding it to trial

court for re-sentencing, "[i]f correction by this court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand."). The trial court suggests we vacate the probationary sentence and make a "mere change to the length of probation from 10 to 6 years." (Trial court opinion, 3/10/14 at 5.) Although this court is reluctant to interfere with the discretion normally afforded a sentencing court, the record clearly reflects what the sentence would have been absent error, thereby rendering remand unnecessary. We amend the sentence of the trial court and order appellant to be incarcerated for a period of two to four years following by six years of probation.

Conviction is affirmed. Sentence is amended to two to four years of imprisonment followed by six years of probation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2015