J-S17026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY JEROME NORRIS | : | |
| | : | |
| Appellant | : | No. 1439 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001112-2021

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: October 4, 2023**

Appellant, Randy Jerome Norris, appeals from the judgment of sentence entered on October 27, 2022,[1] as made final by the denial of post-sentence motions on November 21, 2022, following his jury trial convictions for burglary (overnight accommodations with person present), criminal trespass (breaks into occupied structure), and indecent exposure.[2]  We affirm Appellant's convictions but vacate and remand for resentencing.

---

[1] Appellant alleges that this appeal lies from the original sentence entered in open court on October 25, 2022.  As explained in greater detail below, however, the trial court, on October 27, 2022, entered a subsequent written order that amended Appellant's sentence.  Where the trial court amends the judgment of sentence during the period it maintains jurisdiction, the direct appeal lies from the amended judgment of sentence.  **See Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010).  Accordingly, we have corrected the caption to reflect that the appeal lies from the amended sentencing order.

[2]  18 Pa.C.S.A. §§ 3502(a)(1)(ii), 3503(a)(1)(ii), and 3127, respectively.

We briefly set forth the facts and procedural history of this case as follows. On August 28, 2021, in Sharon, Pennsylvania, Appellant entered the home of an adult female through an open window, without permission, while she slept. The victim awoke to find Appellant in her bedroom exposing his genitals and masturbating. Following a two-day jury trial concluding on July 13, 2022, the jury found Appellant guilty of the aforementioned crimes.

On October 25, 2022, the trial court sentenced Appellant to 25 to 50 years of incarceration for burglary, including a mandatory sentencing enhancement as a third time violent offender pursuant to 42 Pa.C.S.A. § 9714. The trial court imposed concurrent terms of incarceration for the remaining charges, resulting in an aggregate sentence of 25 to 50 years of incarceration. On October 27, 2022, the trial court entered an amended sentencing order, adding 12 months of re-entry supervision consecutive to the original sentence.[3] On November 4, 2022, Appellant filed a post-sentence motion, which the trial court denied by order entered on November 21, 2021. This timely appeal resulted.[4]

_____

[3] Although not at all clear from our review of the record, the trial court presumably amended its sentencing order to conform with 61 Pa.C.S.A. § 6137.2 which provides that any person sentenced to "an aggregate minimum sentence of total confinement [ ] of four years or more … shall be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other lawful sentence issued by the court." 61 Pa.C.S.A. § 6137.2(a)-(b).

[4] Appellant filed a notice of appeal on December 8, 2022. On December 20, 2022, the trial court ordered Appellant to file a concise statement of errors
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issues for our review:

1. Did the lower court err when it denied [A]ppellant[']s motion for [judgment] not withstanding the verdict of the jury being against the weight and sufficiency of the evidence[?]

2. Did the lower court err in imposing a mandatory sentence based upon facts not found by the fact finder[?]

3. Did the lower court err in imposing sentences for [b]urglary and for [c]riminal [t]respass based upon a single entry into a residence[?]

Appellant's Brief at 9.

In his first issue presented, Appellant maintains that "[t]he case boiled down to the allegation and identification of [A]ppellant" by the victim. *Id.* at 16. Appellant argues that at trial the victim testified that "she immediately knew who was in her bedroom" but admitted that she told the police dispatcher, responding officer, and investigating detective that she did not know Appellant. *Id.* Appellant alleges that the victim further "testified that she lied to the detective about her prior involvement with [A]ppellant after implicating" him. *Id.* As such, Appellant argues that "[w]here the sole

_____

complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. The order further stated that issues not included in a timely filed Rule 1925(b) statement shall be deemed waived. Appellant filed an untimely Rule 1925(b) statement on February 3, 2023. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 3, 2023. The trial court first noted that Appellant failed to timely file a Rule 1925(b) concise statement and, instead, waited until "one business day before the record, and [the trial court's Rule 1925(a) o]pinion [were] due" to this Court. Trial Court Opinion, 2/3/2023, at 1. Accordingly, the trial court found "all issues [] waived" but summarily addressed each issue in its brief, two-page Rule 1925(a) opinion. *Id.* at 1-2.

witness to implicate [A]ppellant, under the allegations of this case, admits to lying to [the police] dispatcher, the initial officer and the detective, any verdict relying on said witness shocks one[']s sense of justice." ***Id.***

Initially we note that the trial court found this issue waived because Appellant failed to file a timely Rule 1925(b) statement. For the reasons that follow, we agree. Our Supreme Court has previously stated "[t]he provisions of [Pa.R.A.P.] 1925(b)(4) establish the basic requirements which all statements of errors must meet, and further state that issues not raised in accordance with those requirements 'are waived.'" ***Commonwealth v. Parrish***, 224 A.3d 682, 692 (Pa. 2020), *citing* Pa.R.A.P. 1925(b)(4)(vii). Moreover, our Supreme Court has "determined that counsel's untimely filing of such a statement also completely waives such claims for purposes of appellate review, even though the trial court authored an opinion addressing the issues presented in the untimely filed statement." ***Id.*** at 693, *citing* ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005). Our Supreme Court found that a bright-line waiver rule was necessary to avoid situations "where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine whether they could conduct a meaningful review despite an appellant's failure to file a Pa.R.A.P. 1925(b) statement or to include certain issues within a filed statement." ***Id.*** (citation omitted). Here, there is no dispute that Appellant filed an untimely Rule 1925(b) concise statement and, therefore, waived his sufficiency and weight claims.

Assuming *arguendo* that Appellant had not waived these claims, however, we find no merit to Appellant's first issue. We adhere to the following standards:

Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Soto,* 202 A.3d 80, 93 (Pa. Super. 2018) (citation omitted).

Furthermore, we have previously determined:

A victim's in-court testimony, identifying the defendant as the perpetrator of a crime, is by itself sufficient to establish the identity element of that crime. Thus, [ ] attempts to enhance [a sufficiency of the evidence] argument by asserting that the Commonwealth failed to present any corroborating evidence to support the victim's in-court identification testimony does not establish that the identity evidence was insufficient. Moreover, [an] assertion that the victim's testimony was contradicted by [an appellant's] own [testimony] is irrelevant to [a] sufficiency

- 5 -

analysis. "Variances in testimony ... go to the credibility of the witnesses and not the sufficiency of the evidence."

***Commonwealth v. Galloway,*** 495 Pa. 535, 434 A.2d 1220, 1222 (Pa. 1981).

***Commonwealth v. Johnson,*** 180 A.3d 474, 478 (Pa. Super. 2018) (some internal citations omitted). Moreover, "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime." ***Id.*** at 481.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered.
>
> In describing the limits of a trial court's discretion, we have explained:
>
> > The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary

actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Soto,* 202 A.3d at 97 (citation omitted).

Here, the trial court determined that there was sufficient evidence to support Appellant's convictions and that the verdict did not shock the conscience of the court so as to warrant relief on his weight of the evidence claim. *See* Trial Court Opinion, 2/3/2023, at 2. Upon our review of the record, we agree. The victim testified that she had a previous interaction with Appellant at a charity event several months before the crimes at issue. N.T., 7/13/2022, at 26-27. The victim testified that Appellant messaged her dozens of times through social media thereafter and she eventually blocked his communications. *Id.* at 36. The victim further testified that she immediately recognized Appellant when the incident occurred and positively identified him in open court at trial. *Id.* at 26. The victim also explained that she did not tell the police that she knew the perpetrator because she "felt bad and didn't want to get anyone in trouble." *Id.* However, she admitted at trial that she initially lied to the police. *Id.* at 52. The jury was free to believe all, part, or none of the evidence and determine the victim's credibility. Based upon the facts of record, we discern no abuse of discretion or error of law by the trial court in denying Appellant's weight and sufficiency claims. For all of the foregoing reasons, Appellant is not entitled to relief on his first issue.

Unlike his first issue, Appellant's second and third issues implicate the legality of his sentence and those issues are not waived. **See** **Commonwealth v. Warunek**, 279 A.3d 52, 54 (Pa. Super. 2022) (citation omitted) ("A challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*."). More specifically, in his second issue presented, Appellant claims that the trial court erred by sentencing him to a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714 for "two prior convictions for crimes of violence" when those "allegations were not found by the finder of facts, the jury in the case at bar." Appellant's Brief at 17. Appellant concedes that the Section 9714 "statutory scheme" has been "recognized as valid" but argues that he was "still subject [] to incarceration beyond the statutory limits for the [convicted] crimes based upon a lower standard [which] deprive[d the trial] court[] of a proper consideration of [A]ppellant's rehabilitative needs pursuant to 42 Pa.C.S.[A.] § 9721(b)." **Id.** at 18-19.

"Interpret[ing] Section 9714 of the Sentencing Code, [] presents the Court with a question of law. As such, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Griffin**, 207 A.3d 827, 830 (Pa. 2019) (citation omitted). Section 9714 provides, in pertinent part:

> (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the

penalties under this paragraph shall not be required.  Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S.A. § 9714(a)(2).

We have previously recognized:

In **Alleyne** [**v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013), the Supreme Court of the United States established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. However, the Supreme Court has recognized a narrow exception to this rule for prior convictions. **Id.** at 2160, n.1 (*citing* **Almendarez–Torres v. United States**, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). In **Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015), this Court specifically found that Section 9714 is not rendered unconstitutional under **Alleyne** as it [allows] for mandatory minimum sentences based on prior convictions.

**Commonwealth v. Bragg**, 133 A.3d 328, 332–333 (Pa. Super. 2016), *aff'd sub nom.*, **Commonwealth v. Bragg**, 169 A.3d 1024 (Pa. 2017); **see also Commonwealth v. Valentine**, 101 A.3d 801, 804 n.2 (Pa. Super. 2014) (emphasis in original) ("The **Alleyne** decision ... renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.").  Here, neither **Alleyne** nor Section 9714  required the trial court to submit Appellant's prior convictions to a jury before sentencing him properly to an enhanced mandatory minimum sentence based

upon his two prior convictions of crimes of violence.[5]  Moreover, the text of Section 9714, which requires a 25-year minimum sentence where two or more violent crime convictions predate the commission of a third, displaces any need for the court to inquire into Appellant's rehabilitative needs under Section 9712(b).  *See* 42 Pa.C.S.A. § 9714(a)(2) (imposing a 25-year minimum sentence **notwithstanding** other statutory provisions).  Thus, Appellant's second claim has no merit.

Next, Appellant argues that the lower court erred "in imposing separate sentences for [b]urglary and [c]riminal [t]respass based upon a single entry into [the victim's] residence."  Appellant's Brief at 20-21.  Appellant concedes that "[u]nder a strict merger analysis, [burglary and criminal trespass] would not merge as all the statutory elements of one offense are not included in the other."  *Id.* at 20, *citing* **Commonwealth v. Quintua**, 56 A.3d 399 (Pa. Super. 2012).  Instead, Appellant maintains:

> Here, the argument is not a merger argument, but rather, where the allegation and testimony at trial are for one entry, that entry was either made with the intent to commit a crime [or not, as A]ppellant was not accused of multiple entries.  The two offenses appear to be mutually exclusive.  To argue otherwise would result in every burglar also being guilty of criminal trespass.

*Id.* at 20.

---

[5]  Appellant does not contest that his prior convictions for rape and rape by forcible compulsion (in one criminal episode) and two counts of arson (in a later, unrelated criminal episode) were violent crimes under Section 9714.

When an appellant challenges the imposition of separate sentences, this Court has stated:

> Whether appellant's convictions merge for sentencing is a question implicating the legality of appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. **See Commonwealth v. Collins**, 764 A.2d 1056, 1057 n.1 (Pa. 2001).
>
> Our Sentencing Code, at 42 Pa.C.S.A. § 9765, provides:
>
> ### § 9765. Merger of sentences
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.
>
> 42 Pa.C.S.A. § 9765.
>
> The statute's mandate is clear. It prohibits merger unless two distinct [components] are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other. **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009).

**Commonwealth v. Talley**, 236 A.3d 42, 52–53 (Pa. Super. 2020) (original brackets omitted).

"A person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present." 18 Pa.C.S.A. § 3502(a)(1)(ii). Whereas, Section 3503(a)(1)(ii) states that a person commits criminal trespass "if, knowing that he is not licensed or

- 11 -

privileged to do so, he breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S.A. § 3503(a)(1)(ii). We have previously determined:

> Examining the elements of criminal trespass, a conviction for that offense requires a person: (1) to break or enter into with subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. **See** 18 Pa.C.S.A. § 3503(a)(1). On the other hand, to commit burglary, a person must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. **See** 18 Pa.C.S.A. § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge. **See** [**Commonwealth v.**] **Jones**, [] 912 A.2d [815,] 827 (Newman, J., dissenting) (stating: "[N]ot every burglary is a criminal trespass, and vice versa.").

**Quintua**, 56 A.3d at 402. Appellant concedes that the two offenses, burglary and criminal trespass, have different statutory elements and upon our review of **Quintua**, Appellant is not entitled to relief on his third issue presented.

However, upon further review of the record, we *sua sponte* determine that the trial court entered an illegal sentence when it amended Appellant's sentence outside his presence. Thus, we are constrained to vacate Appellant's sentence. As this Court has previously determined:

> [W]hether the trial judge had the authority to correct an alleged sentencing error, poses a pure question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*.
>
> It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct clear clerical errors in its orders.

- 12 -

A trial court maintains this authority even after the expiration of the 30-day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders. *See* 42 Pa.C.S.A. § 5505.

A trial court's inherent authority to correct clerical errors, while considered a time-honored tradition has been described by our Supreme Court as a limited judicial power in its scope.

\*          \*          \*

In addition to the restraints imposed by the double jeopardy clauses on a trial court's authority to correct clerical errors, an alleged error must qualify as a clear clerical error (or a patent and obvious mistake) in order to be amenable to correction. In discussing a trial court's authority to correct illegal sentences, our Supreme Court has stated that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. The High Court has also cautioned that the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. As a matter of general guidance, our Supreme Court has sanctioned the use of the inherent authority in cases that involve clear errors in the imposition of sentences that were incompatible with the record or black letter law.

This Court[] has addressed the situations where [] the terms of a defendant's sentence as stated at the sentencing hearing conflict (or are deemed incompatible) with the terms of the defendant's sentence as stated in [a subsequent written] sentencing order.

In these circumstances, for a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript. Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a clear clerical error on the face of the record, and the sentencing order subject to later correction.

If, on the other hand, a trial court's stated intentions during the sentencing hearing are ambiguous, then the terms of the sentence in the sentencing order control, and the trial court cannot correct its perceived mistake. This is because the alleged error in the

- 13 -

sentencing transcript is not a clear clerical error, but rather, is an ambiguity that must be resolved by reference to the written sentencing order.

*Commonwealth v. Borrin*, 12 A.3d 466, 471–473 (Pa. Super. 2011) (*en banc*) (internal case citations, quotations, original emphasis, and original brackets omitted), *affirmed*, 80 A.3d 1219 (Pa. 2013).

Upon our review of the sentencing hearing, the trial court did not impose a consecutive term of 12 months of re-entry supervision in open court at the time of original sentencing. *See* N.T., 10/25/2022, at 13-16. We noted above that whenever the trial court imposes an aggregate sentence of incarceration exceeding four years, reentry supervision is mandated by Section 6137.2. As such, the subsequent amended order was not entered merely to correct a clear clerical error. Instead, the trial court added additional terms to Appellant's sentence that were not imposed at the original time of sentencing or the corresponding original written sentencing order. Moreover, there is no indication on the trial court docket that the trial court held a resentencing hearing or that Appellant was present in court when the amended sentence was imposed. *See* Pa.R.Crim.P. 602 ("The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence[.]"). As such, the trial court entered an illegal sentence. Accordingly, we vacate the amended sentence and remand for resentencing consistent with this decision. *Compare Commonwealth v. Johnson*, 297 A.3d 719 (Pa. Super. 2023) (unpublished memorandum) ("After the trial court amended its original sentencing order to

- 14 -

include a consecutive term of mandatory probation, [Johnson] filed a post-sentence motion in which he argued that the trial court erred because it did not impose the amended sentence in open court. On March 28, 2022, the trial court granted Appellant's post-sentence motion, vacated the previous judgment of sentence, and held a new sentencing hearing.").

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/4/2023