393 A.2d 927

**COMMONWEALTH of Pennsylvania**

v.

**Donald WILDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 27, 1978.

480

Eric S. Plaum, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Donald Wilder, was convicted of possessing instruments of crime, criminal conspiracy, and attempted burglary at a non-jury trial in the Court of Common Pleas of Philadelphia County. Post-trial motions were denied and appellant was sentenced to one to five years in prison on each count, each to run concurrently. We affirm the decision of the lower court.

On appeal, appellant contends first that the evidence was insufficient to sustain the convictions. The test for sufficiency of the evidence is whether, in viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could have reasonably found that all elements

of the crimes were established beyond a reasonable doubt. *Commonwealth v. Goodman,* 465 Pa. 367, 369, 350 A.2d 810 (1976).

The record, read in the light most favorable to the Commonwealth, shows the following facts: at approximately 2:45 a. m. on April 16, 1976, police officer Peter Polakow, while on routine patrol, observed the appellant and a co-defendant, Jesse Smith[1] attempting, with a steel bar, to pry open a metal grate in front of a men's shop. The police officer was approximately 35 feet away from the store at the time of this observation. Appellant Wilder had one hand on the bar and the co-defendant had two hands on it. The officer observed the two for approximately 30 seconds in a well-lit area, and at one point was able to observe Wilder's face. As the patrol car approached, the appellant and co-defendant dropped the steel bar and ran. Officer Polakow apprehended Wilder a short distance away from having lost sight of him for approximately 15 seconds. An inspection of the premises revealed that the metal grate was bent out of shape. The parties stipulated that the owner of the shop would testify that his store had been closed and appellant had not been given permission to enter.

Appellant testified he was en route to a Chinese restaurant at the time of his arrest. The judge in the lower court did not find his testimony credible, but believed the testimony of Officer Polakow and his positive identification of appellant at the scene of the crime. Part of this identification was based on the fact that appellant had a "cast"[2] on his arm which the officer observed at the time of the commission of the crime and which prevented appellant from being handcuffed upon his arrest.

Based on this evidence, appellant argues the police officer could not have identified him beyond a reasonable doubt. However, the officer testified that he had no doubt

1. Jesse Smith was acquitted of the charges against him.

2. The "cast" was actually a splint on appellant's right arm secured by an Ace bandage.

as to appellant's identity. It is the function of the trial judge sitting, without a jury, to determine issues of credibility. Based on the judge's findings, it is settled that a positive identification by one witness is sufficient for conviction. Cf. *Commonwealth v. Saunders,* 386 Pa. 149, 125 A.2d 442 (1956); *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954); *Commonwealth v. Bradford,* 200 Pa.Super. 216, 188 A.2d 809 (1963).

■ Appellant argues further that the evidence fails to establish more than appellant's presence near the crime scene which is insufficient to sustain the conviction. *Commonwealth v. Goodman,* supra; *Commonwealth v. Stanley,* 453 Pa. 467, 309 A.2d 408 (1973); *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). Although the cases cited by appellant correctly stand for that position, the facts in the instant case are not the same as those in the above-cited cases. Here we have the testimony of a police officer who observed the appellant at the scene of the crime with another defendant, with crowbar in hand, actually prying open the metal grate at the men's store. The cases relied upon by appellant do not provide such positive evidence, but give alternative suggestions for the appellant's whereabouts and show no direct connection with the crime involved.

The case before us is more analogous to *Commonwealth v. Moore,* 226 Pa.Super. 32, 311 A.2d 704 (1973). There, a neighbor observed a man attempting to pry open the door to a home next to his, while another man watched from across the street. The neighbor next saw the two men go to the rear of the house where both attempted to "get in" through the back gate. After the police were summoned and arrived on the scene, the two men fled. The appellant in the *Moore* case was apprehended only 30 feet from the gate. Based on the testimony of the neighbor, this court found the evidence showed more than mere presence at the scene of the crime and the conviction of attempted burglary was upheld. Likewise in the case before us now, the testimony of the police officer established more than Wilder's mere presence at the

scene of the crime which makes the evidence sufficient to uphold the convictions.

■■ Finally appellant argues that certain crucial questions on his cross-examination of Officer Polakow were omitted from the stenographer's transcript of the trial. The questions and answers allegedly dealt with the officer's identification of Wilder's cast on his arm. Appellant's counsel filed an affidavit in the lower court regarding this matter, however the trial judge had no recollection of any omissions in the transcript and appellant's counsel supplied no trial notes or any other evidence to support his claim. Objections to the trial transcript are properly settled in the lower court, Pa.R.A.P. 1922(a), and in this case, we must agree, without further evidence presented to us, that the transcript accurately reflects the proceedings at trial.

Affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.