J-S59034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDRE EDWARD | |
| Appellant | No. 1326 EDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008857-2014,
CP-51-CR-0008859-2014

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED OCTOBER 12, 2017**

Appellant, Andre Edward, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions of attempted murder,[1] aggravated assault,[2] firearms not to be carried without a license,[3] carrying firearms in public in Philadelphia,[4] recklessly endangering another person,[5] and criminal mischief.[6]  Appellant challenges the sufficiency of the evidence.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 2502.

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 6108.

In its opinion, the trial court summarized the relevant facts as follows:

On May 4, 2014, Mr. Byram Rogers went to the Gulf Gas Station to get food before work when he encountered Appellant. At that time, Appellant was dating Mr. Rogers' daughter. Mr. Rogers never had any issue in the past with Appellant except on one particular occasion where Mr. Rogers and his wife were scolding their daughter. Appellant then intervened in their attempt to discipline their daughter and was very disrespectful toward Mr. Rogers. As Mr. Rogers was walking into the gas station, he noticed Appellant talking to a guy in a Chevrolet Suburban. Appellant then said to Mr. Rogers, "[d]idn't I tell you I didn't want to see you around here no more." Appellant immediately came toward Mr. Rogers so he pushed Appellant back and they got into a slight physical altercation. Appellant then said, "I am going to get my gun, going to my trunk . . . ." Appellant opened his trunk, closed it, hopped into his car and pulled away. Mr. Rogers then got into his car and began to drive home.

On the drive home, Mr. Rogers noticed the same Suburban from the gas station following his vehicle. Mr. Rogers got out of his car and asked the man in the Suburban why he was following his vehicle. As Mr. Rogers approached the Suburban, the man in the Suburban drove off. Mr. Rogers got back into his car and backed up in the direction where the Suburban drove off. The Suburban began to drive very fast so Mr. Rogers turned off, drove up Lowber Street, and parked in the back of his house on the 1700 block of Mohican Street. As Mr. Rogers tried to get into his back door he heard an engine revving and saw Appellant hanging out of the car window and "just letting loose. Pow. Pow. Pow. Pow." Mr. Rogers then ran off to his neighbor's house. He ran behind and then under his neighbor's deck. He continued running down the driveway and saw glass bust out in the car in front of him. When Mr. Rogers got to the end of the driveway, he saw the car in reverse coming back down the driveway. Mr. Rogers

---

[5] 18 Pa.C.S. § 2705.

[6] 18 Pa.C.S. § 3304(a)(2).

- 2 -

dropped his hoagie and ran all the way around to the front of his house. He then saw Appellant cutting the corner shooting again. Mr. Rogers then dove between a van and a car and saw Appellant shoot through the van. Appellant then said "[y]ou bitch ass old head," he jumped in the car and spun off down the block.

During the shooting, Mr. Albert Rutty's car was struck by a few bullets. The bullets struck and shattered Mr. Rutty's back windshield and back door windows as he sat in the driver's seat. Fortunately, Mr. Rutty was not injured. After the incident, 14 [fired cartridge casings (FCCs)] were recovered from different locations on Mohican and the adjacent streets. Ballistics concluded that all 14 FCCs were fired from the same weapon. The Commonwealth provided a certificate of non-licensure corresponding to Appellant carrying a firearm on May 4, 2014.

Trial Ct. Op., 1/11/17, at 2-3 (record citations omitted).

Following a bench trial, Appellant was convicted on September 10, 2015, of the above-mentioned offenses. Thereafter, on April 6, 2016, the court sentenced Appellant to an aggregate sentence of eight to nineteen years' imprisonment and five years' probation.[7] Appellant timely filed a notice of appeal on April 26, 2016. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied.

---

[7] Although the parties and the trial court state Appellant was sentenced to a consecutive five years' probation, a review of the written sentencing order indicates Appellant's probation was ordered to run concurrent to his confinement. *See* Sentencing Order, 4/6/16, at 1-2. Without further indication that this was a clerical error, the written sentencing order controls. *See Commonwealth v. Borrin*, 80 A.3d 1219, 1226 (Pa. 2013) (opinion announcing judgment of Court).

- 3 -

Appellant raises the following issue for our review: "Evidence presented at trial was insufficient as a matter of law to find [Appellant] guilty beyond a reasonable doubt." Appellant's Brief at 7.

Appellant argues there was insufficient evidence to convict him of all the aforementioned offenses because there was no physical evidence connecting him to the alleged shooting. Appellant specifically contends no firearm was recovered in his home or vehicle that matched the shell casings or bullet fragments found at the scene, the shooting was not captured on video, and 911 calls were inconsistent regarding the description of the vehicle Appellant was allegedly driving and his physical appearance. Appellant alleges the only identification evidence presented by the Commonwealth was the victim's testimony, which Appellant claims was not credible based on the victim's multiple *crimen falsi* convictions and the fact that he waited eleven hours to report the shooting because he was afraid it was a potential violation of his probation.

Additionally, Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that he had a specific intent to kill or cause serious bodily injury for the offenses of attempted murder and aggravated assault, respectively. Appellant maintains that the evidence indicated the shooter was merely attempting to scare the victim and not kill him, as shown from the fact that none of the shots were fired at close range and

some were fired through a vehicle window. Appellant concludes this Court should reverse his judgment of sentence. We disagree.

Preliminarily, we note that Appellant's Rule 1925(b) statement alleges that the "[e]vidence presented at trial was insufficient as a matter of law to find [Appellant] guilty beyond a reasonable doubt." Appellant's Pa.R.A.P. 1925(b) Statement, 12/6/16, at 1. Such a general sufficiency of the evidence challenge to all of his convictions may constitute waiver.

> [W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garang***, 9 A.3d 237, 244 (Pa. Super. 2010) (citations omitted); ***see also Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." (citation and quotation marks omitted)).

Instantly, Appellant's Rule 1925(b) statement does not fairly suggest his challenge to the evidence identifying him as the shooter and fails to identify any elements for any of the offenses of which he was convicted.[8]

_____

[8] Although the trial court authored a responsive opinion, it did not expressly discuss Appellant's present contention that the identification evidence was

Therefore, Appellant's sufficiency claim for all convicted offenses is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Garang*, 9 A.3d at 244.

In any event, even if properly preserved, Appellant's claim that he was not the perpetrator would merit no relief, as the victim's eyewitness testimony is sufficient to support Appellant's convictions. *See Commonwealth v. Wilder*, 393 A.2d 927, 928 (Pa. Super. 1978) (*en banc*) ("it is settled that a positive identification by one witness is sufficient for conviction"). Moreover, to the extent the trial court addresses and disposes of the merits of Appellant's sufficiency claim, including his arguments that there was insufficient evidence of a specific intent to kill or cause serious bodily injury, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 4-12. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

insufficient. Moreover, we note that an appellate brief must provide a substantive argument and citation to relevant authority in support of a sufficiency claim. *See* Pa.R.A.P. 2119(b), (c); *Commonwealth v. Janda*, 14 A.3d 147, 164 (Pa. Super. 2011) (stating a failure to cite law or evidence in support of an argument in a brief constitutes waiver). Here, Appellant's brief fails to provide any relevant statutes and authority to support his sufficiency claim for the various convictions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017

CP-51-CR-0008857-2014 Comm. v. Edward, Andre
Opinion

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL DIVISION TRIAL



7887235831

| | | |
|---|---|---|
| COMMONWEALTH | : | NO.: CP-51-CR-0008857-2014 |
| OF PENNSYLVANIA | : | CP-51-CR-0008859-2014 |
| | : | |
| v. | : | Superior Court No.: |
| | : | 1326 EDA 2016 |
| ANDRE EDWARDS | : | |

**FILED**

JAN 11 2017

Criminal Appeals Unit
First Judicial District of PA

## OPINION

ANHALT, J.

Appellant in the above-captioned matter appeals this Court's judgment regarding his conviction for Criminal Attempt – Murder, 18 Pa.C.S.A. § 901, Aggravated Assault, 18 Pa.C.S.A. § 2702(a), Firearms not to be carried with a license ("VUFA 6106"), 18 Pa.C.S.A. § 6106, Carry Firearms in Public in Philadelphia ("VUFA 6108"), 18 Pa.C.S.A. § 6108, Recklessly Endangering another Person, 18 Pa.C.S.A. § 2705 and Criminal Mischief – Tampering with Property, 18 Pa.C.S.A. § 3304(a)(2). The Court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, the Court holds that the judgment of conviction should be affirmed.

## PROCEDURAL HISTORY

On August 8, 2014, Appellant, Andre Edwards was arrested and charged with numerous offenses stemming from an incident that occurred on May 4, 2014. Following a waiver trial on September 10, 2015, this Court found Appellant guilty of Criminal Attempt – Murder (F1), Aggravated Assault (F1), VUFA 6106 (F3), VUFA 6108 (M1), Recklessly Endangering another Person (M2) and Criminal Mischief – Tampering with Property (M3). On April 6, 2016, this

Court sentenced Appellant to an aggregate sentence of 8 to 21 years of incarceration followed by 5 years of probation.

Appellant filed a timely notice of appeal on April 26, 2016. On May 9, 2016, this Court ordered Appellant pursuant to Pa. R.A.P. 1925(b) to file with the Court a Concise Statement of Matters Complained of on Appeal. On June 1, 2016, Appellant filed a motion for extension of time to file a Concise Statement of Matters Complained of on Appeal. On December 6, 2016, Appellant filed a Statement of Errors Complained of on Appeal. Appellant raises the following issues on appeal:

    a. Evidence presented at trial was insufficient as a matter of law to find Defendant guilty beyond a reasonable doubt.

## FACTUAL HISTORY

On May 4, 2014, Mr. Byram Rogers went to the Gulf Gas Station to get food before work when he encountered Appellant. Notes of Testimony (N.T.) 9/9/15 at 32. At that time, Appellant was dating Mr. Rogers' daughter. *Id.* at 29. Mr. Rogers never had any issue in the past with Appellant except on one particular occasion where Mr. Rogers and his wife were scolding their daughter. *Id.* at 30. Appellant then intervened in their attempt to discipline their daughter and was very disrespectful toward Mr. Rogers. *Id.* at 30-31. As Mr. Rogers was walking into the gas station, he noticed Appellant talking to a guy in a Chevrolet Suburban. *Id.* at 36. Appellant then said to Mr. Rogers, "[d]idn't I tell you I didn't want to see you around here no more." *Id.* at 32. Appellant immediately came toward Mr. Rogers so he pushed Appellant back and they got into a slight physical altercation. *Id.* Appellant then said, "I am going to get my gun, going to my trunk . . . ." *Id.* Appellant opened his trunk, closed it, hopped into his car and pulled away. *Id.* at 35. Mr. Rogers then got into his car and began to drive home. *Id.* at 37-38.

2

On the drive home, Mr. Rogers noticed the same Suburban from the gas station following his vehicle. *Id.* at 38-39. Mr. Rogers got out of his car and asked the man in the Suburban why he was following his vehicle. *Id.* at 38-39. As Mr. Rogers approached the Suburban, the man in the Suburban drove off. *Id.* at 39. Mr. Rogers got back into his car and backed up in the direction where the Suburban drove off. *Id.* The Suburban began to drive very fast so Mr. Rogers turned off, drove up Lowber Street, and parked in the back of his house on the 1700 block of Mohican Street. *Id.* As Mr. Rogers tried to get into his back door he heard an engine revving and saw Appellant hanging out of the car window and "just letting loose. Pow. Pow. Pow. Pow." *Id.* Mr. Rogers then ran off to his neighbor's house. *Id.* He ran behind and then under his neighbor's deck. *Id.* at 40. He continued running down the driveway and saw glass bust out in the car in front of him. *Id.* When Mr. Rogers got to the end of the driveway, he saw the car in reverse coming back down the driveway. *Id.* Mr. Rogers dropped his hoagie and ran all the way around to the front of his house. *Id.* He then saw Appellant cutting the corner shooting again. *Id.* Mr. Rogers then dove between a van and a car and saw Appellant shoot through the van. *Id.* at 40-41. Appellant then said "[y]ou bitch ass old head," he jumped in the car and spun off down the block. *Id.* at 41.

During the shooting, Mr. Albert Rutty's car was struck by a few bullets. N.T. 9/9/15 at 16. The bullets struck and shattered Mr. Rutty's back windshield and back door windows as he sat in the driver's seat. *Id.* at. 17. Fortunately, Mr. Rutty was not injured. *Id.* After the incident, 14 FCCs were recovered from different locations on Mohican and the adjacent streets. (*See* CW Exhibit C8); N.T. 9/10/15 at 17-18. Ballistics concluded that all 14 FCCs were fired from the same weapon. *Id.* at 17. The Commonwealth provided a certificate of non-licensure corresponding to Appellant carrying a firearm on May 4, 2014. *Id.*

3

## DISCUSSION

**a. Evidence presented at trial was sufficient as a matter of law to find Appellant guilty beyond a reasonable doubt of all convicted offenses.**

Appellant contends that the Commonwealth failed to provide sufficient evidence to convict Appellant of all convicted charges.

In considering a challenge to the sufficiency of the evidence, the reviewing court must determine whether, viewing all the evidence at trial and the reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was proven beyond a reasonable doubt. *Commonwealth v. Chine*, 40 A.3d 1239, 1242 (Pa. Super. 2012); *Commonwealth v. Marinelli*, 690 A.2d 203, 210-11 (Pa. 1997); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). This standard is applicable whether the evidence presented is circumstantial or direct, provided the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Morales*, 669 A.2d 1003, 1005 (Pa. Super. 1996). Furthermore, questions of witness credibility and the weight to be afforded the evidence are within the sole province of the finder of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004). Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Id.*

### 1. Criminal Attempt – Murder.

Appellant contends that the Commonwealth failed to provide sufficient evidence a conviction of attempted murder of Mr. Rogers. "An individual is guilty of attempted murder in the first degree if he commits an act that is a substantial step towards the commission of the crime with a specific intent to kill." *Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super.

4

2008). In other words, the Commonwealth must show that Appellant had the specific intent to kill Mr. Rogers and that he took a substantial step towards the commission of the crime.

Attempt with the intent to kill may be committed by the discharging of a firearm at a person with intent to kill, despite the fortuitous circumstances that no bodily injury is suffered. *Commonwealth ex rel. Robinson v. Baldi*, 106 A.2d 689, 690 (Pa. Super. 1954). *See also Commonwealth v. Clopton*, 289 A.2d 455 (Pa. 1972); *Commonwealth v. Cross*, 331 A.2d 813 (Pa. Super. 1974). Moreover, the element of intent may be inferred from circumstantial evidence in the absence of direct evidence. *Commonwealth v. Reynolds*, 222 A.2d 474, 475 (Pa. Super. 1966).

The Superior Court in *Cross*, 331 A.2d at 814 explained that although the victim suffered no injury, the defendant could still be found guilty of attempted murder by showing the defendant discharged his firearm with an intent to kill. In *Cross*, evidence indicated a long standing feud between the defendant and the victim's brother. *Id.* at 814. During the incident, the defendant alerted the victims to his intentions by calling out to him. *Id.* at 814-815. The victim was parked and sitting in his car when the defendant approached and shot at him. *Id.* at 814. The bullet penetrated the passenger side where the victim sat, however, he was not injured. *Id.* Had the victim in *Cross* not been protected by the car door, he could have received a serious, if not fatal, wound. *Id.* at 815.

The court in *Commonwealth v. Mapp*, 335 A.2d 779, 781 (Pa. Super. 1975) used evidence of a prior relationship to help determine there was sufficient evidence to establish intent for the purpose of an attempted murder conviction. The defendant in *Mapp* had a prior relationship with the complainant's wife. *Id.* The defendant pushed his way into their household, pointed his gun and fired one round directly at the complainant. *Id.* The *Mapp* court determined

5

that from these facts, it was proper for the fact finder to conclude that the defendant possessed the requisite intention to kill. *Id.*

Similarly, the court in *Baldi*, 106 A.2d at 690 convicted the defendant of attempted murder although no injury was inflicted on the victims. In *Baldi*, the defendant fired a shotgun at one of the victims. *Id.* The defendant subsequently fired the gun at two police officers who were attempting to apprehend him. *Id.* Fortunately, the defendant was a poor shot. *Id.* Although the victims sustained no injury, the court in *Baldi* explained that the defendant's actions were sufficient to convict him of attempted murder. *Id.*

Here, we focus on both the back story and the actual incident that helps provide sufficient evidence to prove that Appellant had the intent to kill Mr. Rogers. Like *Cross* and *Mapp*, there is a back story between Appellant and Mr. Rogers. Appellant, at the time, was dating Mr. Rogers' daughter. N.T. 9/9/15 at 29. Before the incident, Appellant intervened on Mr. Rogers' and his wife in the middle of disciplining their daughter. *Id.* at 30-31. On the day of the incident, Appellant stated to Mr. Rogers, "didn't I tell you I didn't want to see you around here no more." *Id.* at 32. The two then got into a scuffle and Appellant told Mr. Rogers that he was going to his trunk to get his gun. *Id.* Shortly thereafter, Appellant fired at least 14 rounds at and in the direction of Mr. Rogers as he ran. N.T. 9/10/15 at 17-18; N.T. 9/9/15 at 39-40. As Appellant left, he called Mr. Rogers, "[y]ou bitch ass old head," jumped in the car and just spun off down the block. *Id.* at 41. Although Mr. Rogers suffered no injury, the courts in *Cross*, *Mapp* and *Baldi* held that this is not determinative. Since evidence supports that Appellant took substantial steps and fired the gun at Mr. Rogers with an intent to kill, there was sufficient evidence to convict Appellant of attempted murder.

6

## 2. Aggravated Assault.

Appellant next contends that the Commonwealth failed to prove the elements of aggravated assault of Mr. Rogers. An individual is guilty of aggravated assault if he, "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; . . . (4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702. For aggravated assault, the Commonwealth need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred. *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001). The intent to cause serious bodily injury within the context of a charge for aggravated assault may be proven by direct or circumstantial evidence. *Commonwealth v. Hall*, 830 A.2d 537, 542 (Pa. 2003). Circumstantial evidence can prove that the accused intended to inflict serious bodily injury upon another, as is required to establish crime of aggravated assault. *Commonwealth v. Lopez*, 654 A.2d 1150, 1155 (Pa. Super. 1995). The finder of fact is free to conclude that the accused intended the natural and probable consequences of his actions to result therefrom. *Id.*

In *Commonwealth v. Rosado*, 684 A.2d 605, 609 (Pa. Super. 1996), evidence of the defendant repeatedly discharging his semi-automatic weapon into the second-story windows of the victims' bedroom was sufficient to establish that the defendant possessed the specific intent to inflict serious bodily injury to the occupants of that room for the purposes of aggravated assault. The *Rosado* court explained that discharging a weapon into a structure where people live is sufficient to demonstrate intent to commit aggravated assault. *Id.* The court went on to explain that attempt to cause serious bodily harm to a person in the home can be inferred, since possibility exists that such person could be harmed if someone were to shoot into the home. *Id.*

7

The court in *Galindes* explained that sufficient evidence supported an aggravated assault conviction even though the victim was not struck by any bullets. *Galindes*, 786 A.2d at 1012. The act of firing a gun toward the victim constituted an attempt to cause serious bodily injury, thereby committing the offense of aggravated assault. *Id.* The *Galindes* court determined that firing a gun constitutes the type of conduct that is likely to result in serious bodily injury. *Id.* Further, the intent to injure, as required by the statute, is also inferred from such conduct. *Id.* *Galindes* ruled that viewing the evidence in the light most favorable to the Commonwealth, the aggravated assault charge was sufficiently supported. *Id.*

Since Mr. Rogers was virtually unharmed by the shooting, the Commonwealth must show that Appellant intended to shoot Mr. Rogers to sustain a conviction for aggravated assault. Again, the back story here helps us establish intent for aggravated assault just as it does for attempted murder. The circumstantial evidence here is sufficient to establish that Appellant had the intent to cause seriously bodily injury to Mr. Rogers. Although Mr. Rogers was not hit by any bullets, it is not determinative of Appellant's intent. N.T. 9/9/15 at 46. To reiterate, shortly before the shooting, Appellant and Mr. Rogers got into a scuffle at the gas station where Appellant threatened to get his gun from his trunk. *Id.* at 35. Appellant did not immediately retrieve a gun from his vehicle. *Id.* at 35, 39-40. However, Appellant returned as Mr. Rogers was driving home. *Id.* Analogous to the defendant in *Rosado*, Appellant fired multiple rounds of a semi-automatic weapon in the direction of Mr. Rogers. *Id.* at 39. And even more convincing than *Rosado*, Mr. Rogers was outside in the open and more susceptible to serious bodily injury as he dodged numerous rounds. *Id.* at 39-40. Following the ruling in *Rosado*, Appellant discharging roughly 14 rounds in the direction of Mr. Rogers as he chased him is sufficient to show that

8

Appellant's conduct constituted an intent to cause serious bodily injury to Mr. Rogers. *Id.* Therefore, there is sufficient evidence to convict Appellant of aggravated assault.

### 3. VUFA 6106 and 6108.

Appellant next contends that there is not sufficient evidence to convict him under both VUFA 6016 and 6108. First, under 18 Pa.C.S.A. § 6106:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106. The court in *Commonwealth v. Petrakovich*, 329 A.2d 844, 847 (Pa. 1974) determined there was sufficient evidence to support a conviction of carrying firearm without license against the defendant who – based on witness testimony – walked into the diner where his wife worked, drew a gun and fired it at his wife.

Next, under 18 Pa.C.S.A. § 6108:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108. Testimonial evidence was sufficient to prove the defendant guilty of carrying firearms on public streets or public property in Philadelphia when he shot victim on a Philadelphia public street. *Commonwealth v. Monroe*, 422 A.2d 193, 195 (Pa. Super. 1980).

Ultimately, the Commonwealth must prove that Appellant carried a firearm in public without a license for VUFA 6016 and that it occurred on the streets of Philadelphia for VUFA 6108. Like *Monroe* and *Petrakovich* there is witness testimony that Appellant possessed a firearm in public in Philadelphia. Here, the incident occurred at the 1700 block of Mohican Street in Philadelphia. N.T. 9/10/15 at 5. The Commonwealth provided a certificate of non-

9

licensure regarding Appellant carrying a firearm on the date in question. *Id.* at 17. This evidence as it stands by itself, is sufficient for each VUFA conviction. Therefore, the Commonwealth provided sufficient evidence to sustain convictions for both VUFA 6106 and 6108.

### 4. Recklessly Endangering another Person.

Appellant next contends that there is not sufficient evidence to convict him of REAP in relation to Mr. Rutty. A person is guilty of REAP if he or she recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa.C.S.A. § 2705. The act of merely pointing a loaded gun at another has been deemed sufficient to support a conviction for REAP, *Commonwealth v. Reynolds*, 835 A.2d 720, 729 (Pa. Super. 2003), as has the brandishing of a loaded handgun during the commission of a crime. *Commonwealth v. Hopkins*, 747 A.2d 910, 916 (Pa. Super. 2000). "The crime of recklessly endangering another person (REAP) is a crime of assault which requires the creation of danger, and as such, there must be an actual present ability to inflict harm." *Id.* at 915.

The court in *Commonwealth v. Hartzell*, 988 A.2d 141, 143-144 (Pa. Super. 2009) deemed evidence that the defendant pointed his firearm in the general direction of two individuals and fired it multiple times was sufficient for a REAP conviction. Although the defendant may not have pointed the weapon directly at the two men, it was pointed in their general direction. *Id.* at 143. The *Hartzel* court explained that it is hardly inconceivable that a bullet fired into the stream nearby could have struck a rock or other object and deflected up and hit one of the two men. *Id.* at 143-144.

The court in *Hopkins* provided that, "[b]randishing a loaded firearm during the commission of a crime provides a sufficient basis on which a factfinder may conclude that a defendant proceeded with conscious disregard for the safety of others, and that he had the present

ability to inflict great bodily harm or death." *Hopkins*, 747 A.2d at 916. In *Hopkins*, the evidence discloses that the defendant's gun was loaded throughout the incident in question, and that the weapon was operable. *Id.* The defendant used the weapon to pistol whip the victim, thereby subjecting the gun to the danger of accidental misfiring. *Id.* Mr. and Mrs. Bryant were less than five feet away during this pistol whipping. *Id.* The Superior Court in *Hopkins* stated that, "under these conditions, we have no hesitancy in affirming the Trial Court's determination that Appellant was guilty of recklessly endangering the Bryants as well as [the victim]." *Id.*

Here, although it is clear that Mr. Rutty was not the target, that does not exonerate Appellant from a REAP conviction. During the shooting, Mr. Rutty's car was struck by a few bullets. N.T. 9/9/15 at 16. The bullets struck Mr. Rutty's back windshield and back door windows as he sat in the driver's seat. *Id.* at. 17. Mr. Rutty was nearly hit, but not injured. *Id.* Similar to the individuals shot at in *Hartzell*, and the bystanders in *Hopkins*, it is quite possible that Mr. Rutty could have been struck by those bullets as he sat only a few feet away. *Id.* Like the defendant in *Hopkins*, there is evidence Appellant brandished a firearm during the commission of the crime – targeting Mr. Rogers. *Id.* at 39. However, Appellant went a step further and fired the weapon. *Id.* at 39-40. Like the Bryant's in *Hopkins*, Mr. Rutty was not Appellant's target. *Id.* However, Appellant firing multiple rounds in public was at the very least reckless, and put anyone in that area at risk to sustain serious bodily harm, specifically Mr. Rutty. *Id.* Therefore, there is sufficient evidence to convict Appellant of REAP.

5. Criminal Mischief.

Appellant last contends that the evidence was insufficient to sustain his conviction of criminal mischief of Mr. Rutty's vehicle. Under 18 Pa.C.S.A. § 3304(a)(2) a person is guilty of criminal mischief if he intentionally or recklessly tampers with tangible property of another so as

11

to endanger person or property. Criminal mischief may merely involve negligent and reckless conduct. *Commonwealth v. Perdue*, 564 A.2d 489, 497 (Pa. Super. 1989). Additionally, damaging a vehicle may be sufficient for a criminal mischief conviction. *See Commonwealth v. Adams*, 882 A.2d 496, 499 (Pa. Super. 2005).

The *Adams* court found the evidence was sufficient to establish the defendant's criminal mischief conviction. *Id.* In *Adams*, the complainant and police officer testified that the defendant punched the complainant's truck and that damage resulted therefrom. *Id.* The Superior Court in *Commonwealth v. Zambelli*, 695 A.2d 848, 851 (Pa. Super. 1997) rejected the defendant's boilerplate claim of insufficiency with respect to the defendant's criminal mischief conviction. In *Zambelli*, witness testimony stating they heard loud screeching while they saw the defendant walk along the complainant's vehicle with an object in his hand is sufficient to sustain the defendant's conviction. *Id.*

Here, Appellant shot Mr. Rutty's car multiple times. N.T. 9/9/15 at 17. Appellant fired rounds through the back windshield and the back door windows of Mr. Rutty's car. *Id.* Like *Adams* and *Zambelli*, the property at issue is a motor vehicle. Although Appellant may not have intended to strike that particular vehicle, the act of firing a gun multiple times out in public has been solidified as at least reckless conduct. Appellant's actions caused damage to the windshield and windows, in other words, an endangerment to Mr. Rutty's property. *Id.* Therefore, there is sufficient evidence to convict Appellant of criminal mischief.

12

## CONCLUSION

After review of the applicable statutes, testimony, and case law, there is sufficient evidence to find Appellant guilty of all offenses. Accordingly, the trial court's decision should be affirmed.

BY THE COURT:

*Diana L. Anhalt*

DATE: January 11, 2017

DIANA L. ANHALT, J.