J-S59034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANDRE EDWARD | |
| Appellant | No. 1326 EDA 2016 |

Appeal from the Judgment of Sentence April 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008857-2014,
CP-51-CR-0008859-2014

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 18, 2017**

Appellant, Andre Edward, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his bench trial convictions of attempted murder,[1] aggravated assault,[2] firearms not to be carried without a license,[3] carrying firearms in public in Philadelphia,[4] recklessly endangering another person,[5] and criminal

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 2502.

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 6108.

[5] 18 Pa.C.S. § 2705.

mischief.[6]   Appellant challenges the sufficiency of the evidence.   We affirm

Appellant's conviction, but vacate and remand his judgment of sentence.

In its opinion, the trial court summarized the relevant facts as follows:

On May 4, 2014, Mr. Byram Rogers went to the Gulf Gas Station to get food before work when he encountered Appellant.  At that time, Appellant was dating Mr. Rogers' daughter.  Mr. Rogers never had any issue in the past with Appellant except on one particular occasion where Mr. Rogers and his wife were scolding their daughter. Appellant then intervened in their attempt to discipline their daughter and was very disrespectful toward Mr. Rogers.  As Mr. Rogers was walking into the gas station, he noticed Appellant talking to a guy in a Chevrolet Suburban.  Appellant then said to Mr. Rogers, "[d]idn't I tell you I didn't want to see you around here no more." Appellant immediately came toward Mr. Rogers so he pushed Appellant back and they got into a slight physical altercation.  Appellant then said, "I am going to get my gun, going to my trunk . . . ."  Appellant opened his trunk, closed it, hopped into his car and pulled away.  Mr. Rogers then got into his car and began to drive home.

On the drive home, Mr. Rogers noticed the same Suburban from the gas station following his vehicle.  Mr. Rogers got out of his car and asked the man in the Suburban why he was following his vehicle.  As Mr. Rogers approached the Suburban, the man in the Suburban drove off.  Mr. Rogers got back into his car and backed up in the direction where the Suburban drove off.  The Suburban began to drive very fast so Mr. Rogers turned off, drove up Lowber Street, and parked in the back of his house on the 1700 block of Mohican Street.  As Mr. Rogers tried to get into his back door he heard an engine revving and saw Appellant hanging out of the car window and "just letting loose. Pow. Pow. Pow. Pow."  Mr. Rogers then ran off to his neighbor's house.  He ran behind and then under his neighbor's deck.  He continued running down the driveway

---

[6] 18 Pa.C.S. § 3304(a)(2).

and saw glass bust out in the car in front of him. When Mr. Rogers got to the end of the driveway, he saw the car in reverse coming back down the driveway. Mr. Rogers dropped his hoagie and ran all the way around to the front of his house. He then saw Appellant cutting the corner shooting again. Mr. Rogers then dove between a van and a car and saw Appellant shoot through the van. Appellant then said "[y]ou bitch ass old head," he jumped in the car and spun off down the block.

During the shooting, Mr. Albert Rutty's car was struck by a few bullets. The bullets struck and shattered Mr. Rutty's back windshield and back door windows as he sat in the driver's seat. Fortunately, Mr. Rutty was not injured. After the incident, 14 [fired cartridge casings (FCCs)] were recovered from different locations on Mohican and the adjacent streets. Ballistics concluded that all 14 FCCs were fired from the same weapon. The Commonwealth provided a certificate of non-licensure corresponding to Appellant carrying a firearm on May 4, 2014.

Trial Ct. Op., 1/11/17, at 2-3 (record citations omitted).

Following a bench trial, Appellant was convicted on September 10, 2015, of the above-mentioned offenses. Thereafter, on April 6, 2016, the court sentenced Appellant to an aggregate sentence of eight to nineteen years' imprisonment and five years' probation.[7] Appellant timely filed a notice of appeal on April 26, 2016. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied.

---

[7] Although the parties and the trial court state Appellant was sentenced to a consecutive five years' probation, a review of the written sentencing order indicates Appellant's probation was ordered to run concurrent to his confinement. *See* Sentencing Order, 4/6/16, at 1-2.

- 3 -

Appellant raises the following issue for our review: "Evidence presented at trial was insufficient as a matter of law to find [Appellant] guilty beyond a reasonable doubt." Appellant's Brief at 7.

Appellant argues there was insufficient evidence to convict him of all the aforementioned offenses because there was no physical evidence connecting him to the alleged shooting. Appellant specifically contends no firearm was recovered in his home or vehicle that matched the shell casings or bullet fragments found at the scene, the shooting was not captured on video, and 911 calls were inconsistent regarding the description of the vehicle Appellant was allegedly driving and his physical appearance. Appellant alleges the only identification evidence presented by the Commonwealth was the victim's testimony, which Appellant claims was not credible based on the victim's multiple *crimen falsi* convictions and the fact that he waited eleven hours to report the shooting because he was afraid it was a potential violation of his probation.

Additionally, Appellant argues the Commonwealth failed to prove beyond a reasonable doubt that he had a specific intent to kill or cause serious bodily injury for the offenses of attempted murder and aggravated assault, respectively. Appellant maintains that the evidence indicated the shooter was merely attempting to scare the victim and not kill him, as shown from the fact that none of the shots were fired at close range and

some were fired through a vehicle window. Appellant concludes this Court should reverse his judgment of sentence. We disagree.

Preliminarily, we note that Appellant's Rule 1925(b) statement alleges that the "[e]vidence presented at trial was insufficient as a matter of law to find [Appellant] guilty beyond a reasonable doubt." Appellant's Pa.R.A.P. 1925(b) Statement, 12/6/16, at 1. Such a general sufficiency of the evidence challenge to all of his convictions may constitute waiver.

> [W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Garang*, 9 A.3d 237, 244 (Pa. Super. 2010) (citations omitted); *see also Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." (citation and quotation marks omitted)).

Instantly, Appellant's Rule 1925(b) statement does not fairly suggest his challenge to the evidence identifying him as the shooter and fails to identify any elements for any of the offenses of which he was convicted.[8]

---

[8] Although the trial court authored a responsive opinion, it did not expressly discuss Appellant's present contention that the identification evidence was

Therefore, Appellant's sufficiency claim for all convicted offenses is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Garang*, 9 A.3d at 244.

In any event, even if properly preserved, Appellant's claim that he was not the perpetrator would merit no relief, as the victim's eyewitness testimony is sufficient to support Appellant's convictions. *See Commonwealth v. Wilder*, 393 A.2d 927, 928 (Pa. Super. 1978) (*en banc*) ("it is settled that a positive identification by one witness is sufficient for conviction"). Moreover, to the extent the trial court addresses and disposes of the merits of Appellant's sufficiency claim, including his arguments that there was insufficient evidence of a specific intent to kill or cause serious bodily injury, we affirm Appellant's conviction on the basis of the trial court's opinion. *See* Trial Ct. Op. at 4-12.

Nevertheless, we must address a discrepancy in Appellant's sentence. *See supra* note 7; *see also In re M.W.*, 725 A.2d 729, 731 (Pa. 1999) (holding a challenge to the court's statutory authority to impose a sentence implicates the legality of the sentence). While the parties and the trial court state Appellant was sentenced to a **consecutive** five years' probation, the

---

insufficient. Moreover, we note that an appellate brief must provide a substantive argument and citation to relevant authority in support of a sufficiency claim. *See* Pa.R.A.P. 2119(b), (c); *Commonwealth v. Janda*, 14 A.3d 147, 164 (Pa. Super. 2011) (stating a failure to cite law or evidence in support of an argument in a brief constitutes waiver). Here, Appellant's brief fails to provide any relevant statutes and authority to support his sufficiency claim for the various convictions.

written sentencing order states Appellant was sentenced to a **concurrent** five years' probation. *See* Sentencing Order at 1-2. However, this Court has held that there is "no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously. To do [so] would run contrary to the various policy considerations underlying sentencing." *Commonwealth v. Allshouse*, 33 A.3d 31, 36 (Pa. Super. 2011) (footnotes omitted). Although we have attempted to obtain a copy of the sentencing transcript to resolve this discrepancy, we have been unable to do so. Therefore, we vacate Appellant's judgment of sentence and remand for clarification and/or correction of his probationary sentence. *See Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007) (holding courts may vacate sentencing orders that "involve clear errors in the imposition of sentences that were incompatible with the record . . . or black latter law").

Conviction affirmed. Judgment of sentence vacated and remanded for clarification. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2017

- 7 -