J-S36011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIDNEY WHITE, | : | |
| | : | |
| Appellant. | : | No. 3144 EDA 2017 |

Appeal from the Judgment of Sentence, August 14, 2017,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0005623-2016.

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED AUGUST 24, 2018**

Sidney White appeals from the judgment of sentence imposed after a jury convicted him of two counts of possession with intent to deliver a controlled substance.[1]  After careful review, we affirm.

The relevant facts are as follows.  On December 22, 2015, while acting under cover, Officer Stacey Rucker told White that she wanted to purchase cocaine from him.  White sold Officer Rucker $40 worth of cocaine during that transaction.  Before departing, Officer Rucker exchanged phone numbers with White, telling him she wanted to purchase more cocaine from him in the future.  During this interaction, Officer Rucker secretly took a picture of White with a disguised camera.  White was wearing a distinctive red, white and blue hoodie.

---

[1] 35 PS. §780-113(a)(30).

Two days later, on December 24, 2015, Officer Rucker texted White, asking to purchase more cocaine. White agreed to sell her five $25 bags for a deal of $100. Officer Rucker agreed to the arrangement, and met White at a gas station later that day. While standing in line to purchase beverages, the transaction was completed. White slipped the cocaine into Officer Rucker's jacket pocket, and, conversely, Officer Rucker slipped the $100 into White's pocket.

Approximately three months later, on March 29, 2016, Officer Rucker observed White leaving the Wishing Well Bar. Officer Rucker contacted two fellow Darby Borough officers and informed them about White and that she had previously purchased cocaine from him. She described him as a black male wearing the same distinctive red, white and blue hoodie. White was arrested shortly thereafter and charged with possession with intent to deliver a controlled substance.

On June 21, 2017, a jury trial commenced. The photograph that Officer Rucker had taken On December 22, 2015, was admitted into evidence and featured the image of White wearing a hoodie resembling the one Officer Rucker had described. Officer Rucker testified at the trial and identified White as the person she bought cocaine from on both occasions. The jury convicted White of the above charges. On August 14, 2017, the trial court sentenced him to an aggregate term of imprisonment of two and a half years to seven years. This timely appeal followed. Both White and the trial court have complied with Pa.R.A.P. 1925.

White raises the following issue for our review:

1. Whether the evidence was insufficient to find [White] guilty of the two counts of possession with intent to deliver arising from the alleged hand-to-hand sales that occurred in December of 2015, where the testimony given by Officer Rucker fails to establish, beyond [a] reasonable doubt, the identity of [White] as the individual who sold her the drugs in question.

White's Brief at 7 (excess capitalization omitted).

Our Supreme Court recently reiterated the standard of review regarding a sufficiency of the evidence claim as follows:

Challenges to the sufficiency of the evidence are governed by our familiar and well-established standard of review. We consider the evidence presented at trial *de novo*. ***Commonwealth v. Sanchez***, 82 A.3d 943, 967 (Pa. 2013). We are obliged to evaluate that evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt. Id. This is a question of law. ***Commonwealth v. Weston***, 749 A.2d 458, 462 (Pa. 2000). Our scope of review is plenary. ***Sanchez***, 82 A.3d at 967.

***Commonwealth v. Chambers***, No. 29 EAP 2017, WL 3455394 (Pa. July 18, 2018).

Possession with intent to deliver requires 1) the possession of a controlled substance and 2) intent to deliver that controlled substance. ***Commonwealth v. Jones***, 874 A.2d 108, 121 (Pa. Super. 2005). Additionally, Pennsylvania case law requires the Commonwealth to produce

- 3 -

sufficient evidence to prove the perpetrator's identity beyond a reasonable doubt. *See Commonwealth v. Trinidad*, 96 A.3d 1031 (Pa. Super. 2014).

Considering the testimony provided by the Commonwealth, the trial court reasoned:

> [T]he jury had ample evidence to find [White] guilty of two counts of Possession With Intent to Deliver. At trial, [White] argued that the police had made inconsistent descriptions of the clothing he was wearing and therefore had misidentified him as the seller. As noted above, the jury was free to believe all, part or none of the testimony.

Trial Court Opinion, 11/21/17, at 7 (citation omitted). Our review of the record supports the trial court's conclusion.

In support of his sufficiency challenge, White raises several points. First, he notes that Officer Rucker identified White on the night he was arrested by his hoodie rather than his face, and that this hoodie was not introduced into evidence. As such, Officer Rucker could not "affirmatively acknowledge [the hoodie] as the one she observed on the person who sold her [c]ocaine on both occasions in December 2015." White's Brief at 13. Additionally, he points to the fact that neither of the two cell phones confiscated from White "were linked to the cell number that was provided to Officer Rucker by the person she bought the [c]ocaine from in December, 2015." *Id.* at 14. Finally, White argues that Officer Rucker had not seen him for several months following the drug purchases, suggesting her identification of him was unreliable. Consequently, White asserts that the "identification evidence of record in this case was insufficient to allow for a proper inference to be drawn that the

- 4 -

undercover agent purchased the [c]ocaine at issue from [White]." ***Id.*** We disagree.

As stated by the Commonwealth, "[i]n attempting to pursue [White's] identification/credibility claim as a challenge to the sufficiency of the evidence, appellant is asking this Court to do that which it cannot do in a sufficiency challenge, namely, to re-weigh the weight and credibility of the witnesses in a manner contrary to what the jury has decided." Commonwealth's Brief at 12. We agree. It was the jury's province to determine the credibility of Officer Rucker's testimony. Essentially, White argues that Officer Rucker's identification of him was erroneous. This argument is merely a "disagreement of the credibility determination made by the fact finder, or discrepancies in the accounts of the witnesses, [which] does not warrant the grant of appellate relief." ***Commonwealth v. Randall***, 758 A.2d 669, 674 (Pa. Super. 2000), *appeal denied,* 764 A.2d 1067 (Pa. 2000).

In this case, on the evening of the arrest, Officer Rucker identified White as the individual who sold her cocaine on two occasions. A positive identification by a single witness is sufficient for conviction. ***Commonwealth v. Wilder***, 393 A.2d 927,928 (Pa. Super. 1978). As the Commonwealth pointed out, most of White's challenges to his identification relate to the weight of the evidence, not to its sufficiency. Commonwealth's Brief at 15. ***See Commonwealth v. Galloway***, 434 A.2d 1220, 1222 (Pa. 1981) (stating that variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence).

In sum, the evidence presented at trial demonstrates that White's convictions were supported by sufficient evidence.

Judgment of sentence affirmed.

Judge Dubow joins.

President Judge Gantman concurs in result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/24/2018*