J-S15011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BENJAMIN SUTTON | : | |
| | : | |
| Appellant | : | No. 688 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004481-2019

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                       **FILED MAY 16, 2024**

Appellant, Benjamin Sutton, appeals from the judgment of sentence entered on October 13, 2021, following his bench trial convictions for aggravated assault, possession of a firearm by a prohibited person, possession of a firearm without a license, carrying a firearm in public in Philadelphia, possession of an instrument of crime, simple assault, recklessly endangering another person, and criminal mischief – property damage.[1] We affirm.

We briefly set forth the facts and procedural history of this case as follows. On May 6, 2019, the complainant in this case, Appellant's ex-wife (hereinafter "Complainant"), left her residence in Philadelphia, Pennsylvania

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a), 6105(a)(1), 6106(a)(1), 6108, 907(a), 2701(a). 2706, and 3304(a)(5), respectively. The trial court also found Appellant not guilty of harassment – subject other to physical contact, 18 Pa.C.S.A. § 2709(a)(1).

with a male companion at approximately 10:00 a.m. She saw another man standing on the corner of her block, wearing a hooded sweatshirt. At that time, Complainant could not identify the man, but she got into her vehicle and drove in the opposite direction. Complainant, however, believed it may have been Appellant because the two parties had a confrontation at her residence the day before wherein the police were summoned. As Complainant drove away from her home on the day in question, she noticed a car following closely behind her. When she looked in her rearview mirror, Complainant saw that Appellant was driving the vehicle. Although Complainant did not recognize the vehicle as belonging to Appellant, she thought the vehicle may have been owned by a friend or family member of Appellant. Complainant tried to elude the vehicle by accelerating, running red lights, and driving the wrong way down a one-way street, but the vehicle continued to pursue her. Complainant heard gunshots behind her and drove to a local police station. Complainant and a police officer observed a bullet hole in the rear bumper of Complainant's vehicle. Moreover, the police received several calls regarding gunshots and later located five spent ammunition shell casings on the street in the area where the chase unfolded. On May 9, 2019, the Commonwealth filed a criminal complaint charging Appellant with the aforementioned offenses.

Following a bench trial on July 28, 2021, the trial court found Appellant guilty of all charges, except harassment. On October 13, 2021, the trial court sentenced Appellant to an aggregate term of seven to 14 years of imprisonment. Appellant filed a timely post-sentence motion on October 21,

2021.  The trial court denied relief without a hearing on February 10, 2022.

This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

1. Whether the [trial] court erred in finding [] Appellant guilty beyond a reasonable doubt?

Appellant's Brief at 6.

In sum, Appellant claims that "the evidence in this case does not support the conviction[s] especially given that this matter is devoid of physical evidence with any established connection to [] Appellant." *Id.* at 9.  Appellant argues that there are no photographs conclusively identifying him as the perpetrator.  *Id.*  He asserts that the firearm allegedly used during the commission of the crimes was never recovered from him and the police failed to "link [the recovered ammunition] shell casings to [] Appellant in any way" despite searching his residence *via* warrant.  *Id.* at 10.  Appellant also challenges Complainant's identification of him, which he characterizes as "a glance in the rearview mirror, while driving on the wrong side of the road, while the shooter drives a car that [] Complainant ha[d] never seen [Appellant] drive.  *Id.*

---

[2]  On March 7, 2022, Appellant filed a timely notice of appeal.  By order filed on March 9, 2022, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Following the trial court's grant of an extension, Appellant filed a timely Rule 1925(b) statement on May 1, 2022.  On June 14, 2022, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Here, rather than challenging the sufficiency of the evidence to support the applicable statutory elements of the offenses for which he was convicted, Appellant contends the evidence was insufficient to establish his identity. Accordingly, we adhere to the following legal precepts:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).
>
> \*      \*      \*
>
> A victim's in-court testimony, identifying the defendant as the perpetrator of a crime, is by itself sufficient to establish the identity element of that crime. ***See Commonwealth v. Patterson***, 940 A.2d 493, 502 (Pa. Super. 2007) (holding evidence sufficient to establish the identity of the robber/burglar where "the complainant identified [the a]ppellant, in open court, as one of the men that entered his home"); ***Commonwealth v. Wilder***, 393 A.2d 927, 928 (Pa. Super. 1978) ("[I]t is settled that a positive identification by one witness is sufficient for conviction."). Thus, [an appellant's] attempt[] to enhance his argument by asserting that the Commonwealth failed to present any corroborating evidence to support the victim's in-court identification testimony does not establish that the identity evidence was insufficient. Moreover, [an appellant's] assertion that the victim's testimony was contradicted by his own is irrelevant to our sufficiency analysis. "Variances in testimony ... go to the credibility of the witnesses and not the sufficiency of the evidence." ***Commonwealth v. Galloway***, 434 A.2d 1220, 1222 (Pa. 1981).

- 4 -

*Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018); *see also Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (stating that a positive identification by one witness is sufficient for conviction).

We have also held that a victim's testimony that a perpetrator possessed a firearm "is all that is necessary" and "clearly sufficient to establish" a firearm conviction despite the lack of recovery of the firearm. *Commonwealth v. Robinson*, 817 A.2d 1153, 1162 (Pa. Super. 2003) ("That no gun was found on [Robinson] a half-hour or more after the robbery is not dispositive of the sufficiency of the evidence. [Robinson] could have easily discarded the gun immediately after the robbery had been effectuated."); *see also Commonwealth v. Booth*, 239 A.3d 90 (Pa. Super. 2020) (non-precedential decision) ("[A]lthough circumstantial, sufficient [evidence] linked [Booth] to the firearm. The fact that no physical evidence linked [Booth] to the firearm does not undermine the convincing circumstantial [co-conspirator testimony] that he constructively possessed it."), *citing Commonwealth v. Lopez*, 57 A.3d 74, 80 (Pa. Super. 2012) (holding that the lack of forensic evidence was not fatal to the prosecution's case based on wholly circumstantial evidence).

Here, Complainant testified that she knew Appellant for more than ten years and identified him in open court. N.T., 7/28/2021, at 15. Complainant was married to Appellant for "[r]oughly [] two to three years." *Id.* at 17. The parties divorced on March 1, 2019. *Id.* While describing the vehicular chase involved herein, Complainant testified that she "looked in the rearview mirror,

- 5 -

and it was [her] ex-husband[,]" Appellant following close behind her. *Id.* at 27; *see also id.* at 29 ("I'm trying to get attention, that my ex-husband is following me, and I was scared, and I wanted him to leave me alone."); *see also id.* at 63 ("I [saw Appellant] in the car."). While she did not immediately recognize the vehicle following her and was "not a hundred percent sure," she testified that it looked like a car that she had seen Appellant's cousin or friend driving previously. *Id.* at 28. Complainant heard the gunshots in close proximity while Appellant was still driving close behind her. *Id.* at 36. Later, Complainant and the police identified a hole in the bumper of her car that Complainant alleged was not there previously. *Id.* at 37-38; *see also id.* at 80 (Officer Joseph Nyuma identifies "[t]he bullet hole in the rear bumper of the car."). As a result of numerous emergency phone calls to the police and Complainant's recollection of events, the police investigated and located five spent ammunition shell casings from the street where the shooting purportedly occurred. *Id.* at 86.

The trial court determined there was sufficient evidence to support Appellant's convictions. First, it found that Complainant's identification of Appellant was credible because "the vehicle driving behind her was close enough to her vehicle that she could see that Appellant was the driver." Trial Court Opinion, 6/14/2022, at 7. Moreover, "she had known Appellant for more than 10 years and knew him intimately enough to recognize him from his posture and body language." *Id.* at 7. The record supports that determination. *See Commonwealth v. Ramos*, 920 A.2d 1253, 1260 (Pa.

Super. 2007) ("As an appellate court, we are unable to usurp a trial court's credibility determinations."). Furthermore, the trial court also determined that "[t]he evidence was also sufficient to circumstantially prove that Appellant possessed a firearm, as Complainant credibly testified that he [drove] behind her on the streets of Philadelphia when she heard gunshots, Complainant and Officer Nyuma testified to the bullet hole[] in Complainant's bumper, and Officer [Tayon] Moore recovered multiple shell casings from the area where Complainant reported [hearing gunfire.]" Trial Court Opinion, 6/14/2022, at 8.[3] As such, the trial court determined that "[t]he credible testimony of Complainant and the officers was sufficient to prove the elements of each convicted offense beyond a reasonable doubt." Trial Court Opinion, 6/14/2022, at 7.

We agree with the trial court's assessment. Here, the victim's in-court testimony, identifying Appellant as the perpetrator of the crimes, was by itself sufficient to establish Appellant's identity. **See Johnson**. It does not matter whether Appellant was driving a vehicle recognized by Complainant. Moreover, Appellant's assertion that the Commonwealth failed to present evidence to support the victim's in-court identification testimony does not, by itself, establish that the identity evidence was insufficient. **See id.** The fact that no firearm was recovered does not undermine the convincing evidence

---

[3]  There is no dispute that Appellant stipulated at trial that he was ineligible to possess a firearm and did not have a license to carry a firearm. N.T., 7/28/2021, at 92.

that Complainant heard gunshots in close proximity while being chased by Appellant. Additionally, the police did recover physical evidence that circumstantially linked Appellant to the shooting and corroborated Complainant's version of events. For all of these reasons, we discern no trial court error in finding the evidence was sufficient to support the verdict.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/16/2024