J-S02020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                              :
:
:
:
TALEN ANTHONY TRICE             :
:
Appellant               :   No. 1131 MDA 2022

Appeal from the Judgment of Sentence Entered April 14, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000357-2020

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:              **FILED: MARCH 29, 2023**

Appellant, Talen Anthony Rice, appeals from the judgment of sentence entered on April 14, 2022, following his bench trial convictions for criminal attempt homicide, criminal attempt first-degree murder, aggravated assault, arson, aggravated arson – person present, aggravated arson – bodily injury, aggravated assault with a deadly weapon, criminal mischief, simple assault, and recklessly endangering another person.[1]  We affirm.

The trial court briefly set forth the facts of this case as follows:

On the morning of July 23, 2020, [… u]nprovoked, [Appellant] set the victim – his own cousin [] – on fire [using a liquid fire accelerant] while [the victim] was sitting in his car.  When [the victim] jumped out of the car in an attempt to put out the flames, [Appellant] stabbed him repeatedly with a knife.  [Appellant] only

---

[1]  18 Pa.C.S.A.  §§  2501(a)/901(a),  2502(a)/901(a),  2702(a)(4), 3301(a)(1)(i), 3301(a.1)(1)(ii), 3301(a.1)(1)(i), 2702(a)(4), 3304(a)(1), 2701(a)(1), and 2705, respectively.  The trial court acquitted Appellant on the charge of criminal mischief – damage to property, 18 Pa.C.S.A. § 3304(a)(5).

stopped his attack and fled because an innocent bystander happened on the scene. […Appellant] left a literal trail of evidence from the scene to his residence.

Trial Court Opinion, 7/1/2022, at 2.

The trial court held a bench trial commencing in January 2022. At trial, the Commonwealth presented the testimony of the eyewitness who stopped at the scene and called 911, the police officers and emergency medical technician (EMT) who responded, and another eyewitness who saw Appellant, with blood on his face, flee from the area and discard his t-shirt in the bushes. *Id.* at 3-7. The Commonwealth also presented corroborating forensic evidence, including: a knife recovered from the scene; Appellant's t-shirt; reports concerning blood found at the scene, on Appellant's shoe, and at Appellant's residence; photographs and reports examining the victim's charred car; and, surveillance video. *Id.* at 7-10.

The Commonwealth also presented evidence of the extent of the victim's injuries. Upon arrival at the scene, an EMT detected the odor of fuel emanating from the victim. The EMT also observed that the victim suffered significant burns on his torso, head, and arms, and had multiple stab wounds in his neck and torso. *Id.* at 5. The victim was intubated, placed on a ventilator, and life-flighted by helicopter to UPMC Mercy Hospital in Pittsburgh, Pennsylvania. *Id.* at 4-6. The victim sustained second- and third-degree burns on 27.5% of his body and had multiple stab wounds around his neck and upper torso. *Id.* at 10. The victim testified that he was hospitalized for

2½ months wherein he received three skin grafts and had surgeries on his thumb and eye. *Id.* The victim was 20 years old at the time of trial. *Id.*

On January 21, 2022, the trial court found Appellant guilty of the aforementioned crimes. On April 14, 2022, the trial court sentenced Appellant to an aggregate sentence of 40 to 80 years of imprisonment. This appeal followed.[2] The trial court issued an opinion on July 1, 2022 wherein it stated, *inter alia*, that Appellant "was convicted of one of the most heinous acts of

---

[2] Appellant filed an untimely post-sentence motion 15 days after the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1)("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). However, Appellant filed a timely notice of appeal on May 11, 2022. *See* Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence."). We issued a rule to show cause why the appeal should not be quashed for failing to file a timely post-sentence motion. Counsel responded but failed to cite Rule 720(A)(3) and on July 14, 2022, this Court improperly quashed the appeal docketed at 708 MDA 2022 as untimely. On July 25, 2022, Appellant filed a counseled motion seeking permission to file a post-sentence motion *nunc pro tunc*, which the trial court incorrectly granted on July 26, 2022. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1228 (Pa. Super. 2003) (*en banc*) (providing that a defendant must seek permission to file a post-sentence motion *nunc pro tunc* within 30 days of the judgment of sentence). Appellant filed a post-sentence motion which the trial court denied on August 8, 2022. On August 9, 2022, Appellant filed a notice of appeal which this Court docketed at 1131 MDA 2022. We issued a rule to show cause why the instant appeal should be quashed for failing to seek permission to file a post-sentence motion *nunc pro tunc* within the time limits set forth in *Dreves*. Appellant filed a response and we discharged the order to show cause on November 29, 2022. We decline to quash the instant appeal given the apparent breakdown that occurred when Appellant's prior timely appeal was improperly quashed by this Court. *See Commonwealth v. Patterson*, 940 A.2d 493 (Pa. Super. 2007) (finding that a breakdown had occurred and that the appeal should not be quashed, where the trial court failed to fully comply with Pa.R.Crim.P. 720).

attempted homicide that [the trial judge] has seen in his legal career." *Id.* at 2.

On appeal, Appellant presents the following issues for our review:

1. [Whether] the trial court erred when it made a finding that the evidence was sufficient to warrant a conviction on the charge of criminal attempt – murder of the first-degree and the related charges; as well as making a finding that the weight of the evidence was in favor of the Commonwealth on the charge of criminal attempt – murder of the first-degree and the related charges[?]

Appellant's Brief at 4 (unnecessary capitalization omitted). Appellant also argues that "the trial court abused its discretion by sentencing him to a term of incarceration of 40 to 80 years[.]" *Id.* at 9.

Appellant contends that his conviction for attempted first-degree murder was contrary to the weight and sufficiency of the evidence presented at trial. *Id.* at 14-18. Asserting that the Commonwealth's evidence was insufficient to establish his guilt, Appellant claims there was no "eye-witness testimony that [ ] Appellant was the cause of [the victim's] injuries." *Id.* at 13. More specifically, Appellant posits that "Kenneth S. Shaffer, an individual who drove past [the victim's] car [on] the morning of the assault" and "probably the closest individual for the Commonwealth to being an eye-witness to the incident, did not see [] Appellant having any item in his hands, nor did he testify to seeing [] Appellant stabbing, or setting [the victim] on fire; all while Mr. Shaffer was within a few feet of the incident." *Id.* at 13-14. Moreover, Appellant posits that the victim, who testified on his own behalf at trial, "did not identify [] Appellant as the cause of the fire[,]" could not recall being

stabbed, and implicated the Fifth Amendment when asked if he had threatened Appellant prior to the incident. *Id.* at 15. Appellant relies on each of these purported evidentiary deficiencies to support his separate claim that his conviction for attempted first-degree murder should be vacated, and a new trial granted, because the verdict was against the weight of the evidence "shocks the conscience of justice." *Id.* at 18.

In reviewing a challenge to the sufficiency of the evidence, this Court has previously stated:

> Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt.
>
> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Soto*, 202 A.3d 80, 93 (Pa. Super. 2018).

"Evidence of identification need not be positive and certain to sustain a conviction." *Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011)

(*en banc*) (citation and brackets omitted). "Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh." *Id.* (citation omitted). "Any indefiniteness and uncertainty in the identification testimony goes to its weight." *Id.* (citation omitted). "A victim's in-court testimony, identifying the defendant as the perpetrator of a crime, is by itself sufficient to establish the identity element of that crime." *Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018), *citing Commonwealth v. Patterson*, 940 A.2d 493, 502 (Pa. Super. 2007) (holding evidence sufficient to establish the identity of the robber/burglar where "the complainant identified [the a]ppellant, in open court, as one of the men that entered his home"); *Commonwealth v. Wilder*, 393 A.2d 927, 928 (Pa. Super. 1978) ("[I]t is settled that a positive identification by one witness is sufficient for conviction.").

In this case, the victim testified that, at the time of the incident, he was sitting in his vehicle looking down at his cellular telephone and Appellant was standing outside the vehicle next to the driver's side window. The victim felt a liquid being poured on his head through the open sunroof of the vehicle and suddenly the victim was on fire. N.T., 1/20/2022, at 126-131. The victim alighted from the vehicle, took his burning t-shirt off, and attempted to extinguish the flames. *Id.* at 133-134. The victim next remembered "[f]ighting over a knife" that Appellant held to the victim's "jugular on [his] left side." *Id.* at 134. The victim testified that "[he] believe[d he] was just

- 6 -

fighting for [his] life." *Id.* at 135. The EMT who arrived on scene testified that he had been trained to "smell accelerants" and that he could detect the odor of some kind of "fuel" emanating from the victim. *Id.* at 6. The EMT asked the victim "did someone throw something on you" and "did somebody do this to you" and, both times, the victim "indicated by shaking his head yes." *Id.* The police recovered a knife handle from the scene, alerted the EMT to be careful because the knife blade had not been recovered, and, at that point, the EMT "noticed a puncture wound on [the left side of the victim's] neck." *Id.* at 7-8. Appellant fled from the scene and discarded his bloody t-shirt. *See Commonwealth v. Hargrave*, 745 A.2d 20, 23 (Pa. Super. 2000) (citation and quotations omitted) (flight and concealment indicates consciousness of guilt, and a trial court may consider this as evidence, along with other proof, from which guilt may be inferred). Forensic analysis later revealed that blood samples found at Appellant's residence, on his shoe, and the handle of the knife found on scene came from both the victim and Appellant. N.T., 1/21/2022, at 25-31. The victim identified Appellant at trial. N.T., 1/20/2021, at 121.

The trial court ultimately determined "the evidence produced at trial [wa]s more than sufficient to establish that [Appellant] committed the crimes of which he was convicted." Trial Court Opinion, 7/1/2022, at 12. We agree and upon review of the record as set forth above, we reject Appellant's

suggestion that there was no evidence presented that he caused the fire or stabbed the victim.[3]

We now turn to Appellant's challenge targeting the weight of the Commonwealth's evidence adduced at trial. We review such claims under the following well-settled standard:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the [] verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

_____

[3] We omit, as unnecessary, a recitation of the substantive elements of first-degree murder and attempt because Appellant's claims on appeal essentially assert a lack of identification.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Soto*, 202 A.3d at 97 (citation and some quotations omitted).

Regarding the weight of the evidence, the trial court found "that there was no evidence or testimony presented that would raise doubts as to [Appellant's] guilt (i.e., that would change the verdict if weighted differently), and the only way [Appellant] could escape a finding of guilt is if the Commonwealth's evidence was given no weight at all." Trial Court Opinion, 7/1/2022, at 13. The trial court determined that the verdict was not contrary to the evidence as to shock one's sense of justice. We give the gravest consideration to the findings and reasons advanced by the trial judge and find no abuse of discretion in ruling on Appellant's weight of the evidence claim. For all of the foregoing reasons, Appellant's weight claim lacks merit.

Next, Appellant argues, in sum:

Appellant submits that the [t]rial [c]ourt abused its discretion by sentencing him to an excessive term of incarceration of 40 to 80 years in [prison]. The [c]ourt failed to consider [] Appellant's

young age, as well as the fact that no victim impact statements were presented to the [c]ourt at the time of sentencing.

Appellant's Brief at 11.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation and brackets omitted).

Here, Appellant has complied with the first three requirements as set forth above. As such, we must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015), *citing Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). "Rather, the imposition of consecutive rather than concurrent sentences will present a substantial

question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'" *Id.*, *citing* ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013). "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id.* at 39, *citing* ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citation omitted). This Court, however, has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.*, *citing* ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). Moreover,

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence [] is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted). Based on our review, we conclude that Appellant's challenge to the imposition of his sentence as unduly excessive, together with his claim that the trial court failed to consider mitigating factors, presents a substantial question. As such, we will examine the merits of Appellant's discretionary aspect of sentencing claim.

Our standard of review is as follows:

- 11 -

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.A. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

**Raven**, 97 A.3d at 1253–1254 (internal case citation omitted).

Here, the trial court sentenced Appellant outside of the sentencing guidelines, thus we must examine whether Appellant's sentence was unreasonable. *See* Trial Court Opinion, 7/1/2022, at 13 ("As noted on the record at sentencing, the [trial c]ourt went outside of the Sentencing Guidelines for a number of reasons."). Upon our review, we conclude that, at the time of sentencing, the trial court considered the factors set forth in Section 9781, as referenced above. First, the trial court noted that it reviewed and relied upon a presentence investigation report. N.T., 4/4/2022, at 1. Where a sentencing court is informed by a pre-sentence investigation report "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022) (citation omitted). The sentencing guidelines are purely advisory in nature and a sentencing court is permitted to deviate from them if it places its reasons on the record. *See Commonwealth v. Snyder*, 2023 WL 1793573 (Pa. Super. 2023). Here, in open court, the trial court went over the sentencing guidelines for each offense of conviction. N.T., 4/14/2022, at 2-3. Counsel for Appellant agreed with the sentencing guidelines as recited by the trial court. *Id.* at 3. Before imposing sentence, the trial court stated that it "also [had] to consider the impact on the life of the victim and the community" and "need[ed] to consider [Appellant's] rehabilitative needs." *Id.* at 4. The trial court indicated that it would deviate from the sentencing guidelines "for a number of reasons" noting this case was

- 13 -

"as close to a homicide as you can get." *Id.* at 4. The trial court believed that the gravity of the offenses warranted aggravated-range sentences because "[t]he heinous nature" of the crimes was "just unprecedented." *Id.* at 5. The trial court stated that "[t]his was an unusual and extreme level of cruelty and an extreme nature of harm" that Appellant inflicted upon "a family member[.]" *Id.* The trial court also opined that Appellant had shown indifference and no remorse towards the victim and fled the scene. *Id.* The trial court also noted that the victim would suffer medical consequences for a lifetime[4] and Appellant's actions caused terror in the community. *Id.* The trial court, therefore, complied with the requirements of Section 9781(d) and, upon our review, there is nothing in the record to suggest that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As such, Appellant's discretionary aspect of sentencing claim fails.

---

[4]   Furthermore, we reject Appellant's contention that the trial court abused its discretion by sentencing Appellant without the benefit of a victim impact statement. The victim testified at length at trial about the serious nature of his injuries and the impact that they have had on his life. The victim testified that he was hospitalized for 2½ months wherein he received three skin grafts and had surgeries on his thumb and eye. N.T., 1/20/2022, at 135-138. The victim testified that his injuries impact his work, he cannot lift or hold heavy objects, and he has limited range of motion. *Id.* at 139. Appellant has not explained how the lack of a victim impact statement amounted to an abuse of discretion in sentencing. The trial judge, who also sentenced Appellant, had already heard impact evidence directly from the victim at trial.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/29/2023</u>